WILLIAM TAFF *v.* JAYMA BETTCHER
(12875)

FOTI, LANDAU and SCHALLER, Js.

Argued June 2—decision released August 16, 1994

[11] See footnote 10.

*Michael J. Mannion,* for the appellant (defendant).

*Carlo Forzani,* with whom, on the brief, was *Lori Loucks,* for the appellee (plaintiff).

*M. Katherine Webster-O'Keefe,* with whom, on the brief, was *Barbara W. Reynolds,* for the minor child.

LANDAU, J. The defendant appeals from the decision of the trial court granting the plaintiff's motion to modify the pendente lite order of custody of the parties' minor child. The defendant claims that the trial court improperly conducted a hearing on the plaintiff's motion to modify custody (1) without the minor child's court-appointed counsel present, and (2) without providing the defendant reasonable notice in violation of her due process rights.

The following facts are relevant to this appeal. This action was commenced, by writ and complaint filed on March 26, 1992, to settle a custody dispute concerning the parties' minor son. On April 2, 1992, the trial court entered pendente lite orders on a stipulation of the parties providing for joint legal custody and shared care. The defendant would provide care on weekdays except Wednesdays from 8:30 a.m. to 5:30 p.m., and on Wednesdays until 2:30 p.m., and the plaintiff would provide care from 5:30 p.m. to 8:30 a.m., and on Wednesdays from 2:30 p.m. The parties were to arrange agreeable weekend schedules.

On August 27, 1993, the plaintiff filed an application requesting, inter alia, temporary custody and modification of the visitation schedule. The plaintiff's motion for modification alleged that the mother displayed explosive, irrational behavior, and subjected her minor child to emotional abuse. The plaintiff's counsel, accompanied by the court-appointed counsel representing the minor child, appeared before the court, and the court declined to order the requested relief because the

defendant's attorney was not present. The court then scheduled the matter for a hearing to be held on August 30, 1993. The counsel for the minor child advised the court that she would be unable to attend that hearing, but, given the circumstances surrounding the requests, she felt that the hearing should take place as soon as possible even if that meant proceeding without her. The counsel for the minor child confirmed in a letter to the family relations office her position in this matter. The trial court was in possession of the letter prior to commencement of the hearing.

The court, aware that the attorney for the minor child was not available,[1] heard the application from August 31 through September 2, 1993. The court found that the defendant mother posed a risk to the child's welfare and entered a temporary order modifying the existing custody and visitation order. The plaintiff was designated the primary residential parent and the defendant would be allowed visitation Monday through Saturday from 8:30 a.m. to 1 p.m. The defendant filed this appeal.

I

The defendant first claims that the trial court improperly conducted the hearing to modify custody and visitation without counsel for the minor child present. The defendant advances the argument that the trial court prevented counsel for the minor child from fulfilling her statutory and ethical obligations to her client by refusing to continue the hearing to a date when coun-

---

[1] The defendant moved to continue the hearing to allow the child's counsel to participate. The motion was denied and the court proceeded with the hearing and adjudication of the motion, cognizant that the counsel for the minor child was not present. The court stated that it had before it a letter from the counsel for child stating her position, and that it would conduct a rehearing to present any new concerns upon the counsel's return from vacation if requested by counsel for the minor child.

sel would be available. In this argument, the defendant asserts the due process rights of her minor child.

As a threshold matter, we note that the dispositive issue is not whether the trial court should have proceeded with the modification hearing without the child's counsel present, but, rather, whether a parent, in the course of a contested custody-visitation proceeding in which counsel for the minor child has been appointed, can assert her child's right to have counsel present at the hearing. We hold that she cannot.

The defendant asserts two arguments addressing her standing to appeal[2] from the trial court's decision to conduct the visitation hearing without the presence of the minor child's counsel. First, she claims that as a party to the visitation hearing she can assert the rights of her child to have counsel present. Second, she argues that, by virtue of her parental supervisory responsibilities, she can require that counsel be present to represent the best interest of her child.

### A

#### STATUTORY CLAIM

The defendant offers no case law authority for her first proposition. She contends that the common law of this state is that a minor child is non sui juris, represented only by a next friend, typically a parent. She further asserts that as a parent, the welfare of the child is her duty which is not abdicated because the court, in its discretion, has appointed counsel to represent the child's best interests.

"The issue of standing implicates the court's subject matter jurisdiction. *Middletown* v. *Hartford Electric*

---

[2] Although the defendant's claims on appeal address only the visitation orders, those orders are so related to the custody orders as to render them immediately appealable. See *Madigan* v. *Madigan*, 224 Conn. 749, 751 n.4, 620 A.2d 1276 (1993).

*Light Co.,* 192 Conn. 591, 595, 473 A.2d 787 (1984). Standing focuses on the party seeking to be heard and not on the issues that party wants to have heard. *Zoning Board of Appeals* v. *Planning & Zoning Commission,* 27 Conn. App. 297, 300, 605 A.2d 885 (1992). . . . The question of standing does not involve an inquiry into the merits of the case." *Appeal from Probate by Bencivenga,* 30 Conn. App. 334, 337, 620 A.2d 195 (1993). It merely requires allegations of a colorable claim of *injury to an interest that is arguably protected by the statute or common law. Ducharme* v. *Putnam,* 161 Conn. 135, 139, 285 A.2d 318 (1971); *Appeal from Probate by Bencivenga,* supra, 337.

We know of no statute that gives the defendant mother the legal right to demand that the child's court-appointed counsel be present at a custody-visitation hearing. General Statutes § 46b-54 gives the court the discretion to appoint counsel to represent the *child;* it does not confer any authority or legal interest on a parent.[3]

Our case law is also clear that a person cannot gain standing by asserting the due process rights possessed by another individual. "It is axiomatic that due process rights are personal, and cannot be asserted vicariously. *Shaskan* v. *Waltham Industries Corporation,* 168 Conn. 43, 49, 357 A.2d 472 (1975); see *Silverman* v. *St. Joseph's Hospital,* 168 Conn. 160, 175–77, 363 A.2d 22 (1975)." *Shelby Mutual Ins. Co.* v. *Della Ghelfa,*

---

[3] Although the statutory basis for this proceeding is not clear from the record, we consider this action to be brought under General Statutes § 46b-61, which pertains to orders as to the custody, care, education, visitation and support of any minor child of parents who live separately or, as in this case, parents who were never married. *Moll* v. *Gianetti,* 8 Conn. App. 50, 51, 510 A.2d 1009 (1986); *Grynkewich* v. *McGinley,* 3 Conn. App. 541, 543 n.2, 490 A.2d 534 (1985). Under § 46b-61, the provisions of General Statutes §§ 46b-54, 46b-56, 46b-57 and 46b-66 apply to matters involving such minor children.

3 Conn. App. 432, 449, 489 A.2d 398 (1985), aff'd, 200 Conn. 630, 513 A.2d 52 (1986); *Red Hill Coalition* v. *Conservation Commission,* 212 Conn. 710, 724–25, 563 A.2d 1339 (1989). Thus, once the court finds it appropriate to appoint counsel for the minor child, the representation is the child's entitlement, not the parent's. The respondent mother cannot obtain standing by asserting the right of her child to have an attorney present.

## B

### CONSTITUTIONAL CLAIM

We must next determine whether a parent, who certainly has legal duties with respect to her child, can dictate how the best interests of her child should be legally represented in a court proceeding. We conclude that she cannot. "Our law 'recognizes that parents have significant constitutionally protected rights to the companionship, care, custody and *management* of their children. See *Quilloin* v. *Walcott,* 434 U.S. 246, 255, 98 S. Ct. 549, 54 L. Ed. 2d 511, reh. denied, 435 U.S. 918, 98 S. Ct. 1477, 55 L. Ed. 2d 511 (1978); *Stanley* v. *Illinois,* 405 U.S. 645, 651, 92 S. Ct. 1208, 31 L. Ed. 2d 551 (1972); *McGaffin* v. *Roberts,* 193 Conn. 393, 400–401, 479 A.2d 176 (1984), cert. denied, 470 U.S. 1050, 105 S. Ct. 1747, 84 L. Ed. 2d 813 (1985).' *Cappetta* v. *Cappetta,* 196 Conn. 10, 14, 490 A.2d 996 (1985); see also *Wisconsin* v. *Yoder,* 406 U.S. 205, 232–33, 92 S. Ct. 1526, 32 L. Ed. 2d 15 (1972); *Ginsberg* v. *New York,* 390 U.S. 629, 639, 88 S. Ct. 1274, 20 L. Ed. 2d 195, reh. denied, 391 U.S. 971, 88 S. Ct. 2029, 20 L. Ed. 2d 887 (1968); *Pierce* v. *Society of Sisters,* 268 U.S. 510, 534–35, 45 S. Ct. 571, 69 L. Ed. 1070 (1925); *Meyer* v. *Nebraska,* 262 U.S. 390, 399, 43 S. Ct. 625, 67 L. Ed. 1042 (1923)." (Emphasis added.) *Lehrer* v. *Davis,* 214 Conn. 232, 236–37, 571 A.2d 691 (1990). "The family is not, however, beyond regulation

in the public interest, and the rights of parenthood are not beyond limitation. *Prince* v. *Massachusetts,* 321 U.S. 158, 166, 64 S. Ct. 438, 88 L. Ed. 645 (1944); *McGaffin* v. *Roberts,* supra, 401." *Lehrer* v. *Davis,* supra, 237. "Neither parent has a right of property in their children of which they cannot be deprived without their consent." *Antedomenico* v. *Antedomenico,* 142 Conn. 558, 562, 115 A.2d 659 (1955). Indeed, "[t]he State has a parens patriae interest in preserving and promoting the welfare of the child, *Santosky* v. *Kramer,* 455 U.S. 745, 766, 102 S. Ct. 1388, 71 L. Ed. 2d 599 (1982) . . . . *In re Steven G.,* 210 Conn. 435, 440, 556 A.2d 131 (1989)." (Internal quotation marks omitted.) *In re Donna M.,* 33 Conn. App. 632, 637, 637 A.2d 795 (1994). Our state legislature has deemed it necessary, in order to preserve and promote the welfare of a minor child, to provide representation of counsel when the circumstances, as the trial court determines, require it. "General Statutes § 46b-54 (a) allows the court to appoint an attorney to represent a minor child during a dissolution proceeding if 'the court deems it to be in the best interests of the child.' . . . 'The purpose of appointing counsel for a minor child in a dissolution action is to ensure independent representation of the child's interest and such representation must be entrusted to the professional judgment of appointed counsel within the usual constraints applicable to such representation.' *Schaffer* v. *Schaffer,* 187 Conn. 224, 224 n.1, 445 A.2d 589 (1982)." *Knock* v. *Knock,* 224 Conn. 776, 790–91, 621 A.2d 267 (1993). This statutory power does not interfere with the parent's management of her child's welfare. Indeed, "[w]hen custody is contested and there are allegations of [mistreatment], children have a unique need to be represented by counsel who will advocate their best interests." *G. S.* v. *T. S.,* 23 Conn. App. 509, 516, 582 A.2d 467 (1990). In child custody proceedings, parents

lack the necessary professional and emotional judgment to further the best interests of their children. "Neither parent could be relied on to communicate to the court the children's interests where those interests differed from his or her own." Id., 518. A parent's judgment is or may be clouded with emotion and prejudice due to the estrangement of husband and wife. Id. A discretionary statutory appointment of counsel for the child within the auspices of a custody-visitation proceeding does not interfere with a parent's right to control her child's welfare. On the contrary, the appointment of counsel to represent the child's best interests is consistent with the efforts of the parent in promoting the welfare of the child.

Counsel for the minor child made a judgment with regard to whether modification of custody and the visitation schedule was necessary and made her position known to the trial court. Certainly, counsel for the child is in a more appropriate position to exercise sound legal judgment than is the defendant. We conclude that the mother has no standing on this claimed issue to appeal the judgment of the trial court. We therefore dismiss the defendant's appeal as to this claim.

## II

The defendant's second claim is that the trial court conducted the hearing on the motion to modify her visitation rights without giving her reasonable notice in violation of her due process rights guaranteed by the state and federal constitutions.[4]

The following facts are necessary to resolve this issue. On Friday, August 27, 1993, the plaintiff and counsel for the minor child presented an application to the trial

---

[4] Because the defendant fails to analyze her claim under the state constitution, we limit our analysis to the guarantees of the federal constitution. *State* v. *Joly*, 219 Conn. 234, 258 n.16, 593 A.2d 96 (1991).

court requesting an ex parte order enjoining the defendant and modifying the visitation schedule because they claimed that the minor child was exposed to a significant risk of harm. The court refused to act on the motion because the defendant was not present; counsel for the defendant was on vacation out of town on August 26 and 27. The trial court scheduled the matter for hearing on Monday, August 30, 1993. Defense counsel's office was notified of the scheduled hearing date. On Monday, August 30, the defendant requested a continuance because of conflicting court obligations. The trial court continued the hearing date to Tuesday, August 31, at 2 p.m. At the hearing on Tuesday, the defendant's counsel requested a further continuance of the hearing claiming as her basis the absence of counsel for the minor child and the need to obtain experts to testify with respect to the allegations in the application. The court denied the defendant's request stating that it would issue, if necessary, only temporary orders and that it would entertain any concerns of the minor child's counsel on her return from vacation if requested.

The hearing that followed lasted three days and included testimony from, among others, the court-appointed psychologist, the former nanny for the minor child, the defendant, the defendant's psychiatrist, and the defendant's psychological tester. At the conclusion of the proceeding, the trial court found that "the mother's behavior is definitely psychologically dangerous and probably physically dangerous" and harmful to her child. The court issued temporary orders modifying the visitation schedule, limiting the time of the child's exposure to the negative environment presented by the mother.

"General Statutes § 46b-56 (a) provides that '[i]n any controversy before the superior court as to the custody or care of minor children . . . *the court may at any*

*time* make or modify any proper order regarding the education and support of the children and of care, custody and visitation . . . .' " (Emphasis added.) *Hurtado* v. *Hurtado,* 14 Conn. App. 296, 303–304, 541 A.2d 873 (1988). "Pursuant to General Statutes § 46b-56 (b), in making a determination of custody, the governing standard is the best interests of the child. *Yontef* v. *Yontef,* 185 Conn. 275, 282, 440 A.2d 899 (1981)." Id., 301. "It must, however, exercise that authority in a manner consistent with the due process requirements of fair notice and reasonable opportunity to be heard." *Strohmeyer* v. *Strohmeyer,* 183 Conn. 353, 356, 439 A.2d 367 (1981). "A custody [or visitation] order cannot be modified without adequate notice and opportunity to be heard." *Hurtado* v. *Hurtado,* supra, 306.

The trial court was faced with allegations of harm to a minor child. Cognizant of the defendant's due process rights, it ordered a hearing for the following Monday, giving the defendant the weekend to prepare. It continued the case until Tuesday, and held a hearing that lasted three days. All three of the witnesses, whom the defendant claimed she would not have time to secure for testifying, did testify at the visitation hearing. In light of the circumstances, the trial court satisfied the requirements of due process while adjudicating the best interests of the child.

The appeal is dismissed in part; the judgment is affirmed.

In this opinion the other judges concurred.