[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Bellwether Corporation, d/b/a General Bronze, filed a one count complaint seeking to foreclose a mechanics lien against property of the defendants, Allen and Eleonora Silverman, located in Stamford. The facts as alleged in the complaint are as follows. The plaintiff supplied materials and services to the defendants in the installation of window replacements, rolling shutters and hardware. The amount of $31,781 remains outstanding for the materials and services provided. The plaintiff executed and recorded a mechanic's lien on the property in question in the Stamford Land Records.
The defendants then filed a motion (#108) to dismiss on the CT Page 218 ground of lack of subject matter jurisdiction based upon lack of standing. "A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiffcannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in original.) Gurliacciv. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622,624, 461 A.2d 991 (1983). Practice Book § 143 provides in part that a "motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . ." "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power." State v. Malkowski,189 Conn. 101, 105-06, 454 A.2d 275 (1983).
The defendants contend that the plaintiff is not a registered home improvement contractor, and had no written contract with the defendants, and therefore was in violation of General Statutes § 20-429
(Home Improvement Act). The defendants further contend that the violation of the Home Improvement Act renders the plaintiff without standing to bring this action. The plaintiff maintains that it is not a home improvement contractor, and, if it was, the defendants' bad faith prevents them from invoking the protection of the Home Improvement Act.
"[I]n the absence of standing, the court lacks subject matter jurisdiction to determine the merits of the case." Sadlowski v.Manchester, 228 Conn. 79, 83, 634 A.2d 888 (1993). "Standing focuses on the party seeking to be heard and not on the issues that the party wants to have heard. . . . The question of standing does not involve an inquiry into the merits of the case. . . . It merely requires allegations of a colorable claim of injury to an interestthat is arguably protected by the statute or common law." (Citations omitted; emphasis in original.) Taff v. Bottcher [Bettcher],35 Conn. App. 421, 425, 646 A.2d 875 (1994). "`Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather, it is a practical concept designed to ensure that courts and parties are not vexed by CT Page 219 suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented. . . ." Sadlowski v. Manchester, supra, 228 Conn. 84.
In the present case the plaintiff alleges that the defendants did not pay for the material and services provided by the plaintiff, and therefore the plaintiff seeks to foreclose on the mechanic's lien for the debt which was recorded on the property. The defendants' argument that the Home Improvement Act prevents the plaintiff from enforcing the contract relates to the merits of the action and does not involve standing. The plaintiff's claim of bad faith is similarly irrelevant to the question of standing as it also relates to the merits of the action. The plaintiff has made allegations that it provided material and services for which it was not paid, therefore, the plaintiff has "some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." Sadlowski v.Manchester, supra, 228 Conn. 84. Accordingly, the defendants' motion to dismiss is denied.
So Ordered.
Dated at Stamford, Connecticut this 3rd day of January, 1995
WILLIAM BURKE LEWIS, JUDGE