[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed July 10, 1997 CT Page 7166
This is a postjudgment matter. At the time of the judgment of dissolution of marriage, Thomas Wilkinson was granted sole legal and physical custody of Benjamin Wilkinson Weigand and Jonathan Weigand. At that time, the court ordered no visitation to the mother, Linda Weigand, but further ordered that visitation may be ordered upon her application to the court for the same. Such other proceedings as may need to be later referenced will be recited, as need be.
Ms. Weigand, has by motion filed in March 1997, sought a modification of the visitation and custody orders. This matter comes before the court on the defendant, Linda Weigand's motion to remove Judith Benedict as attorney and as guardian ad litem for the children Jonathan Weigand and Benjamin Wilkinson Weigand. She had been appointed to these two positions during the pendente lite period of this action. Prior to a hearing on this motion, the court both sua sponte, and in recognition of the bases of Ms. Benedict's objection to the motion, raised with Ms. Weigand's counsel the issue as to whether Ms. Weigand, mother of children, had standing to assert a motion for removal of Ms. Benedict as attorney for the children and as guardian ad litem for the children. The court received oral argument from counsel for Ms. Weigand, counsel for Thomas Wilkinson, and Ms. Judith Benedict on this preliminary issue. The court notes that, on the record at argument, it inquired of Ms. Benedict, as Commissioner of the Superior Court whether her dual appointment resulted in her having conflicting positions; she stated that it did not, that there was no conflict arising from the dual appointment.
Standing invokes the subject matter jurisdiction of the court. Therefore, the court has entertained this issue before allowing inquiry into the merits of Ms. Weigand's motion. "The issue of standing implicates the court's subject matter jurisdiction. Middletown v. Hartford Electric Light Co.,192 Conn. 591, 595, 473 A.2d 787 (1984). Standing focuses on the party seeking to be heard and not on the issues that party wants to be heard. Zoning Board of Appeals v. Planning ZoningCommission, 27 Conn. App. 297, 30, 605 A.2d 885 (1992). . . . The question of standing does not involve an inquiry into the merits of the case." Appeal from Probate by Bencivenga,30 Conn. App. 334, 337, 620 A.2d 195 (1993). It merely requires allegations of a colorable claim of injury to an interest that is arguably protected by the statute or common law. Ducharme v. Putnam,
CT Page 7167161 Conn. 135, 139, 285 A.2d 318 (1971); Appeal by Bencivenga, supra,30 Conn. App. at 337, 620 A.2d 195." Taff v. Bettcher,35 Conn. App. 421, 42, 646 A.2d 875 (1994).
Our Appellate Court, in Taff v. Bettcher, was confronted with the question as to whether the mother of a child in a contested custody/visitation proceeding has the right to assert her child's due process rights by insisting on the presence of the child's attorney at a custody/visitation hearing. The trial court had not required counsel's presence. The mother appealed, asserting the right to make this claim both as a parent and pursuant to her duties of parental supervisory responsibility. The Appellate Court determined that the mother had no standing to assert this position.
In making its decision, the Appellate Court determined that neither the (state or federal) Constitution, nor any statute or the common law conferred standing on the mother to assert the position that she did before the trial court. At argument on the motion, counsel for Ms. Weigand conceded that she really did not have standing to pursue that aspect of the motion that sought to remove Ms. Benedict as attorney for the children. The court concurs.
The manner of inquiry engaged in by the Appellate Court inTaff considering standing to assert positions regarding counsel for a minor child is applicable to the question of the plaintiff's standing to assert claims regarding the conduct of the guardian ad litem for the minor children, as well.
This court finds no constitutional provision, statute, or common law provision which would confer standing on Ms. Weigand, as mother or otherwise as an interested party, to assert this position on behalf of the children. The statutory scheme for the appointment of guardians ad litem in family, juvenile (and probate) matters does not include any provision for another party, including the parent, to challenge the individual who is appointed to that position. (e.g., Conn. General Statutes
§ 45a-132 (particularly subsections (d) and (f)). Ms. Weigand's argument, by counsel before the court, is essentially, `who better would know whether the guardian ad litem is doing their job?' While that has some logical merit, it does not overcome the jurisdictional prerequisite of the grant of right to raise that position before this court. As guardian ad litem, Ms. Benedict is mandated to act in the best interest of the minor CT Page 7168 children, regardless of whether it is contrary to their stated desires. Newman v. Newman, 235 Conn. 82, 96 (1995).Newman explores and affirms the need of minor children for guardians ad litem where their parents/guardians are engaged in disputes as to their custody, visitation, and attendant issues. Without regard to the facts of the instant controversy, as a matter of public policy, it would be troubling for a parent/guardian to be able to challenge a guardian ad litem's continued appointment each time the parent/guardian becomes disillusioned with the work or position of the guardian ad litem. In the context of these considerations, the court finds that theTaff standard for standing has not been met by Ms. Weigand and that she lacks standing to assert the termination of Ms. Benedict's appointment as either attorney for the children or guardian ad litem for the children. Therefore the Motion is denied.
MUNRO, J.