[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR REAPPOINTMENT OF COUNSEL FOR MINOR CHILD POST-JUDGEMENT
The defendant, Lynda M. Wilson, in the above entitled matter has moved for an order by the trial court to reappoint Attorney Jeffrey Mickelson as attorney for the minor child, Morgan Hall Wilson, born October, 27, 1992. The plaintiff objects to the reappointment of Attorney Mickelson and the issues were joined at a hearing that was held on April 13, 1999.
By way of background, the plaintiff, John C. Wilson, III, by writ dated September 20, 1995, sought a dissolution of marriage and other relief. On October 18, 1995, the defendant, Lynda M. Wilson, filed an answer and cross-complaint seeking a dissolution of marriage and other relief. By agreement of the parties, the Court appointed Attorney Jeffrey Mickelson as attorney for the minor child. The parties engaged in a hotly contested battle for custody of their minor daughter. Dr. David Mantell provided the court with a custody evaluation by agreement of the parties. Which was ordered on May 22, 1996 by agreement of the parties. The parties further agreed that each shall share joint custody of the minor child, Morgan Hall Wilson, with Morgan visiting with the father in accordance with an approved access schedule. The agreement was made on order of the court on June 13, 1996. The order also included a caretaker to assist the father and be present during father's weekend access with the minor child, with the caretaker suggested by the parties and designated by counsel for the minor child, Mr. Mickelson.
By agreement of the counsel and parties, the minor child, Morgan, was ordered to begin counseling with a psychologist, psychiatrist, or therapist as selected by Dr. David Mantell, the family evaluator. Said counseling shall continue for as long as CT Page 6633 the counselor deems necessary. The parties were further ordered to fully cooperate in executing any and all releases, authorizations and for personally meeting with the counselor to assist in determining the length of counseling for the minor child, with the cost of counseling to be equally divided by the parties. Said agreement was entered as an order of the court on October 7, 1997.
On January 28, 1998, after review of the status of the case, the court (Dranginis, J.) concluded that a full custody trial was necessary, and referred the matter to the regional family trial docket in Middletown for a pre-trial on March 5, 1998, and a trial on March 30 — April 4, 1998. On February 9, 1998, counsel for the defendant filed a motion for a continuance based upon a planned family vacation for March 21 through March 29, 1998 and various trial scheduling problems. The motion for a continuance denied by the court on February 17, 1998. The plaintiff then filed an additional motion on March 19, 1998, entitled "Motion for Instructions" where the plaintiff, through counsel, requested a continuance because he was treating for a lung condition and could not proceed to trial beginning the week of March 30, 1998. Said request for a continuance was objected to by the defendant whose counsel filed an objection to request for a continuance dated March 20, 1998. She contended that the defendants request was a stall tactic to delay the trial. The court sustained the defendants objection for the request for a continuance and the case was therefore ordered to proceed on March 30, 1998.
On March 30, 1998, the parties submitted a lengthy agreement concerning issues of custody and shared parenting concerning the minor child which was negotiated on the eve of trial. Said agreement was executed by all parties including counsel for the minor child, Jeffrey Mickelson. Said agreement concerning custody and shared parenting was also filed with a stipulation dated March 26, 1998, with said stipulation signed by the plaintiff and defendant and their counsel. Both the custody agreement and stipulation were included by reference into the judgment and made orders of the Court. As provided in the judgment, custody of the minor child (six years old) was awarded jointly with primary residence with the mother. Attorney Jeffrey D. Mickelson had been serving as court appointed attorney for the minor child since February, 1996 and was an active participant in the settlement of the custody dispute.
According to the testimony elicited at the present court CT Page 6634 hearing, the parties have continued to utilize Mr. Mickelson as the attorney for the minor child subsequent to the date of the judgment. The record reflects that Mr. Mickelson made a motion a of July 10, 1998, re: family counseling. A recent letter from Attorney Cantor mailed to both defendant's counsel and Attorney Mickelson, Defendant's Exhibit 1 at hearing of April 13, 1999 is also further evidence of Attorney Mickelson's continued involvement as counsel for the minor child since the date of the judgment.
The plaintiff objects to the reappointment of Attorney Mickelson as counsel for the minor child. The defendant claims that Mr. Mickelson should be appointed counsel for the minor child because it is in the best of the child to have Mr. Mickelson reappointed. She claimed through counsel that Mr. Mickelson has spent substantial amount of time since his appointment and has developed a relationship with the child as her counsel. Further, she claims that appointment of a new counsel for the minor child would not only be time consuming and confusing to the minor child, but would result in a substantial expense to be incurred by the new counsel for the minor child. As referenced in the court file in which the undersigned takes judicial notice and statements from Defendant Counsel, Dr. Mantell's report consists of over 500 pages. The record clearly reflects a long-standing dispute between the parties concerning the care, custody and parenting time of the minor child.
At the hearing it was the contention of counsel for the plaintiff that it would not be in the best interest of the minor child to have Mr. Mickelson reappointed. Mr. Wilson testified that he intended to commence a lawsuit against Mr. Mickelson resulting from his relationship as counsel for the minor child. No evidence, however, was submitted in the record by the plaintiff to indicate the justification and/or reason for such a claim. Further, Mr. Wilson indicated that while he has sought some legal input as to the grounds for commencing such a claim, no claim has been brought to date against Mr. Mickelson.
The testimony of Attorney Cantor called as a witness for the plaintiff indicates that he had previously advised Mr. Wilson that a father has no legal standing to bring a claim to remove counsel for a minor child. Mr. Cantor further testified that he counseled Mr. Mickelson during the proceedings and prior to judgment concerning his conclusion that Mr. Wilson had no legal standing to move for disqualification of Mr. Mickelson as CT Page 6635 attorney for the minor child. The plaintiff further did not contend or prove that reappointment of Atty. Mickelson as counsel for his minor child would prejudice him in presenting his case.Lord v. Lord, 44 Conn. App. 370 (1977), Taft v. Bettcher,35 Conn. App. 421 (1994).
The court has reviewed the memoranda of law submitted by the plaintiff and defendant. Counsel for a minor child is required in a contested dissolution of marriage case in order that the child's position concerning his or her care and custody be articulated and advocated in an independent manner to insure independent representation of the child's interest and so that the court obtains the child's position as to his or her care and custody without undue influence or bias of either parent.Schaefer vs. Schaefer, 187 Conn. 224 (1982), Section 46b-54(c) of the Connecticut General Statutes. Further, the role of counsel for the minor child is to advocate not adjudicate, i.e., his responsibility is to place his client's position before the court in the same function as attorneys for a child's mother or father who are litigating the dissolution of marriage action. The authorities according to the brief of law submitted by the plaintiff agree that the duties of a minor child's counsel include four different activities for which such counsel must be qualified: (1) investigation, including interviewing of all interested parties; (2) representing the client child as a litigator, including the calling of witnesses, etc.; (3) developing plans for disposition of the case as regarding the child; and (4) negotiating disputes in order to defuse the adverse impact of any hostility. See Arnold H. Rutkin, Family Lawand Practice, Vol. 3, Matthew Bender, 1992 Revisions; Jeff Atkinson, Modern Child Custody Practice; Klower, Family LawLibrary, 1986 Sec. 13.06.
The plaintiff furthermore has failed to prove on the record any negligent, incompetent or inappropriate representation of counsel for the minor child during the pendency of this action. Furthermore, counsel for the plaintiff and the defendant subsequent to the date of the dissolution of the marriage, treated Mr. Mickelson as counsel for the minor child long after counsel for the minor child's representation of the minor child would have terminated in accordance with our practice rules. The court further concludes that neither the mother or the father of the minor child should be permitted to prohibit the minor child from receiving competent, legal counsel and advocate for the child's position simply because he or she does not agree with a CT Page 6636 position taken by the child and advocated by her counsel. While the court understands the plaintiff's counsel's argument that an alleged controversy exists between the plaintiff and counsel for the minor child, the threat of litigation to be instituted by the plaintiff against Mr. Mickelson should not be a bar from the court reappointing Mr. Mickelson to represent the interest of the minor child. Furthermore once legal counsel for the minor is appointed a parent has no right to dictate how the best interest of the child should be legally represented Taft v. Bettcher, supra.
The court can only assume that Mr. Mickelson represented the interest and position of his client in negotiating the custody settlement at the judgment, because there was no evidence to the contrary submitted by the plaintiff at the hearing. It is the opinion of the trial court that Attorney Jeffrey Mickelson should be reappointed as counsel for the minor child. The trial court is of the further opinion that Mr. Mickelson can meet the standards set out above as advocate for counsel for the minor child, within the context of the facts of this case.
Wherefore, based upon the above, the court reappoints Attorney Jeffrey Mickelson to represent the interest of the minor child in post-judgment matters of custody, parenting, time, visitation, etc.
Devine, J.