[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#112.)
On September 21, 1998, the plaintiffs, Daniel, Ryan and Lauren Busby, all of whom are minors, filed a single-count complaint for legal malpractice against the defendant, their court-appointed attorney, Michael J. Barbarula. (Complaint, ¶ 1) The plaintiffs brought this action through their father, David Busby, who at the time was their legal guardian and next friend. (Complaint, ¶ 1)
Prior to the filing of this action, on or about June 15, 1997, David Busby initiated a divorce proceeding against his wife, Kristen Busby. Busby v. Busby, Superior Court, Judicial District of Stamford/Norwalk at Stamford (Docket Number 158175). (Complaint, ¶ 2) During the course of the divorce proceedings, the court, counsel for David Busby and counsel for Kristen Busby agreed that the court should appoint an attorney to represent the best interests of the minor Busby children, the plaintiffs in the present action. (Complaint, ¶ 4) On or about July 10, 1998, the defendant was appointed by the court "to represent the best interests of each of the minor Busby children during the divorce proceedings], even if the interests of the children are in conflict with the interests of David Busby, the father, and/or Kristen Busby, the mother." (Complaint, ¶¶ 5, 6)[1] In the present action, the plaintiffs allege in their complaint that the defendant is not representing their best interests and that he has deviated from the standard of care owed to them in his role as their independent counsel. (Complaint, ¶¶ 11, 12).
On October 16, 1998, the defendant filed a motion to dismiss, and supporting memorandum of law, on the grounds that (1) David Busby does not have standing to pursue this action and therefore the court lacks subject matter jurisdiction, and (2) the named plaintiffs are minors and their next of friend is not a named plaintiff, therefore, the court lacks personal jurisdiction over the defendant due to improper service of process.
On October 26, 1998, the defendant filed a supplemental memorandum in support of his motion to dismiss. In support of his argument that David Busby lacked standing to bring the present action, the defendant attached a court order dated October 9, 1998. The court order reads as follows. "Plaintiff's motion to remove the court-appointed counsel for the minor children is denied. Taft V. Betcher, 35 Conn. App. 421 (1994). Further, the court appoints Patricia Marsden-Kish as the guardian for the minor children." Busby v. Busby, Superior Court, Judicial District of Stamford/Norwalk at Stamford (Docket No. 159281). CT Page 7876
On October 29, 1998, the plaintiffs filed an amended complaint adding David Busby to the action as a guardian and next friend of the plaintiffs. The plaintiffs also filed their objection to the motion to dismiss, with an attached memorandum of law, arguing that David Busby had been made a named plaintiff in the action and that the appointment of a guardian ad litem in the divorce action does not affect David Busby's standing to bring-the present action. On December 18, 1998, the court, Lewis,J., ruled that "[i]n view of the amended summons naming David Busby as a plaintiff in his capacity as `guardian and next of friend,' this court has jurisdiction over the subject matter. Whether or not the complaint sets forth a cognizable cause of action as challenged by the defendant, requires a motion to strike. The motion to dismiss is denied."
On January 4, 1999, the defendant filed a motion to strike and memorandum of law. The plaintiffs, on January 19, 1999, filed an objection to the motion to strike and an opposing memorandum. On January 22, 1999, the defendant filed a reply memorandum.
The defendant argues in his memorandum of law in support of his motion to strike and his reply memorandum that count one of the plaintiffs' complaint should be stricken because he is protected from the plaintiffs' claims by quasi-judicial immunity, as well as the statutory immunity provided to state officers and employees. The plaintiffs argue in their opposing memorandum that neither quasi-judicial nor statutory immunity apply to the defendant, and further, that sovereign immunity cannot be decided on a motion to strike, but rather, must be raised as a special defense.
Practice Book § 10-33 provides in relevant part: "[W]henever it is found after suggestion of the parties orotherwise that the court lacks jurisdiction of the subject matter, the judicial authority shall dismiss the action." (Emphasis added.) "[T]he question of standing. . . . implicates a court's subject matter jurisdiction, which may be raised at any point in judicial proceedings. . . ." (Citations omitted.)Stamford Hospital v. Vega, 236 Conn. 646, 656, 674 A.2d 821
(1996). "This court has often stated that the question of subject matter jurisdiction, because it addresses the basic competency of the court, can be raised by any of the parties, or by the court sua sponte, at any time. . ." (Citations omitted.) Daley v.Hartford, 215 Conn. 14, 27, 574 A.2d 194 (1990). CT Page 7877
The court questions whether it has subject matter jurisdiction in the instant case, and thus, sua sponte, raises the issue of standing. Before it can proceed on the merits of the defendant's immunity defenses, the court must first determine whether, under the circumstances of this case, David Busby is a proper "next friend" to the plaintiffs, his minor children, in this action.
"The general rule is well established that a child may bring a civil action only by a guardian or next friend, whose responsibility it is to ensure that the interests of the ward are well represented. . . . When a guardian has been appointed to protect the interests of a child, the guardian is usually the proper person to bring an action on behalf of the child . . . There are, however, certain exceptional circumstances; . . . when a child may properly sue by next friend, notwithstanding the existence of such guardian, as when the guardian is absent . . .or when he is disqualified by interest hostile to that of theinfant, . . . Although generally a person who brings an action as next friend need not obtain prior authorization from the court to do so; . . . the court must determine whether the personseeking to represent the child as next friend is a proper orsuitable person to make a claim on behalf of the child. . . .Orsi v. Senatore, 230 Conn. 459, 466-67, 645 A.2d 986
(1994)." (Citations omitted; emphasis added.) Newman v. Newman,235 Conn. 82, 95, 663 A.2d 980 (1995). "The only real test for whether a person attempting to bring an action as the minor's next friend is a proper person to do so is whether that person's interests are adverse to those of the child." Orsi v. Senatore,31 Conn. App. 400, 416, 626 A.2d 750 (1993), rev'd on other grounds, 230 Conn. 459, 645 A.2d 986 (1994).
The Connecticut Appellate Court has ruled that a parent does not have standing to make claims against a court appointed attorney who represented his or her minor children during divorce proceedings. The court found that "General Statutes § 46b-54
gives the court the discretion to appoint counsel to represent the child; it does not confer any authority or legal interest on a parent." Taff v. Bettcher, 35 Conn. App. 421, 425, 646 A.2d 875
(1994). "We must . . . determine whether a parent, who certainly has legal duties with respect to her child, can dictate how the best interests of her child should be legally represented in a court proceeding. We conclude that she cannot." Id., 426. CT Page 7878
"The purpose of appointing counsel for a minor child in a dissolution action is to ensure independent representation of the child's interest and such representation must be entrusted to the professional judgment of appointed counsel within the usual constraints applicable to such representation. . . . This statutory power does not interfere with the parent's management of her child's welfare. Indeed, when custody is contested and there are allegations of mistreatment, children have a unique need to be represented by counsel who will advocate their best interests. . . . In child custody proceedings, parents lack the necessary professional and emotional judgment to further the best interests of their children. Neither parent could be relied on to communicate to the court the children's interests where those interests differed from his or her own. . . . A parent's judgment is or may be clouded with emotion and prejudice due to the estrangement of husband and wife. . . ." (Citations omitted; Internal quotation marks omitted.) Taff v. Bettcher, supra,35 Conn. App. 427-28.
David Busby is not a proper "next friend" of the minor plaintiffs, his children, for purposes of bringing this malpractice action against the defendant, their court-appointed counsel in the pending divorce action. Because David Busby's interests are adverse to those of the minor plaintiffs, he cannot be relied upon to communicate his children's interests to the court; his judgment may be "clouded with emotion and prejudice," due to his pending divorce. Therefore, David Busby does not have standing to bring this action, thus, the court lacks subject matter jurisdiction. Accordingly, the court, sua sponte, dismisses this action.[2]
KARAZIN, J.