[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS (#101)
The plaintiff, Paul Carrubba, filed a two count complaint against the defendant, Emily Moskowitz, who was appointed by the court as the attorney for the minor child, Matthew, during the plaintiffs divorce action. Count one alleges intentional and negligent infliction of emotional distress based on the defendant's alleged extreme and outrageous conduct during the divorce proceeding. Count two was brought on behalf of the minor child, Matthew, as next friend and parent, alleging malpractice against the defendant for deviating from the standard of care required by attorneys who represent children and for failing to advocate the position of the child.
The defendant filed a motion to dismiss on December 12, 2000, as to count one that she is protected by judicial immunity, and as to count two, that the plaintiff lacks standing to bring a claim for malpractice on behalf of his child. She filed a memorandum of law in support of her motion to dismiss. The plaintiff filed a memorandum in opposition to the motion to dismiss on December 20, 2000.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "[A] claim that [the] court lacks subject matter jurisdiction [may be raised] at any time." (Internal quotation marks omitted.) Dowling v. Slotnik, 244 Conn. 781,787, 712 A.2d 396, cert. denied sub nom. 525 U.S. 1017, 119 S.Ct. 542,142 L.Ed.2d 451 (1998). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) CommunityCT Page 1946Collaborative of Bridgeport, Inc. v. Ganim, 241 Conn. 546, 552,698 A.2d 245 (1997).
 -A-
Count one alleges intentional and negligent infliction of emotional distress based on the defendant's alleged extreme and outrageous conduct which she knew would result in emotional distress and extreme stress to the plaintiff Specifically, the plaintiff alleges that the defendant swore at him during negotiations, insisted that he get therapy and made negligent misrepresentations to the court which could have been detrimental to his position during the ongoing divorce and custody proceedings. The plaintiff alleges that he suffered severe stress and emotional distress which contributed to his loss of employment and relationships. The defendant argues that she is protected by judicial immunity and cannot be sued in her capacity as the court-appointed attorney for the minor child.
"The mantle of judicial immunity covers not only judges, but all adjuncts to the judicial process. In particular, prosecutors are immune from tort liability for their conduct as participants in the judicial proceeding." DeLaurentis v. New Haven, 220 Conn. 225, 242, 597 A.2d 807
(1991). The court explained why judicial immunity extends to prosecutors. "Prosecutorial immunity from suits for malicious prosecution and defamation arose from the similar concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." (Internal quotation marks omitted.) Id. In discussing the purpose of appointing counsel for minor children in divorce and custody proceedings, the Supreme Court relied upon the best interests of the child standard, which is the principle behind General Statutes § 46b-54 (a) and (b), which gives the court discretion to appoint an attorney for a minor child. "The purpose of appointing counsel for a minor child in a dissolution action is to ensure independent representation of the child's interests, and such representation must be entrusted to the professional judgment of appointed counsel within the usual constraints applicable to such representation." (Emphasis added.)Schult v. Schult, 241 Conn. 767, 778, 699 A.2d 134 (1997). The reason for extending judicial immunity to prosecutors is consistent with the principle behind appointing attorneys to represent children in contested divorce and custody proceedings.
Furthermore, judicial immunity has been extended to cover all state officers and employees for their actions during the scope of their employment. See Barese v. Clark, 62 Conn. App. 58, 59, 773 A.2d 946
CT Page 1947 (2001) ("state's attorneys are immune from tort liability for acts committed in the performance of their duties"); see also General Statutes § 4-165.[1] Lastly, at least one court has found that Connecticut's policy interests are consistent with expanding judicial immunity to cover guardians ad litem, who are appointed by the court to represent the best interests of the child in similar proceedings. "Although guardians ad litem do not clearly fall under the protection of §§ 4-165 and 4-161, these provisions indicate that Connecticut has a policy interest in protecting employees functioning in positions comparable to guardians ad litem. Specifically, these provisions afford protection to commissioners of the superior court acting in quasi-judicial positions. Thus, regardless of whether §§ 4-165 and 4-161 apply here, these provisions lend further support to the determination that the court may properly apply Washington's absolute immunity law without undermining Connecticut's policy interests." Whitney v. Taplin, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 339190 (May 28, 1999, Rush, J.) (24 Conn.L.Rptr. 610, 612).[2]
In the present case, the defendant was appointed by the court as the attorney for the minor child. Clearly, the court felt that it was in the child's best interest to have independent representation during what was a hotly contested divorce and custody proceeding. Accordingly, the defendant falls within the protection of judicial immunity for her actions taken during the representation of the minor child in the present case. In cases involving the custody of children, parents often demonstrate a lack of professional and emotional judgment. It is specifically for this reason that the court made the decision to appoint the defendant as the attorney for the minor child. Therefore, her actions in that role should be protected from tort liability.
 -B-
Count two was brought by the plaintiff on behalf of his minor child as next friend and parent, alleging malpractice against the defendant in her capacity as the court appointed attorney for the child. Specifically, he alleges that the defendant deviated from the standard of care for attorneys who represent children as she failed to advocate the position of the child and abandoned her client. As a result, the plaintiff alleges that the child suffered injuries because he was denied legal representation, suffered emotional distress, felt the effects of the depletion of his father's assets and had his education hindered. The defendant argues that the plaintiff does not have standing to bring an action on behalf of his son and therefore the court lacks subject matter jurisdiction.
"The issue of standing implicates the court's subject matter CT Page 1948 jurisdiction . . . Standing focuses on the party seeking to be heard and not on the issues that party wants to have heard. . . . The question of standing does not involve an inquiry into the merits of the case. . . . It merely requires allegations of a colorable claim of injury to an interest that is arguably protected by the statute or common law." (Emphasis added; internal quotation marks omitted.) McGinty v. McGinty,66 Conn. App. 35, 38, ___ A.2d ___ (2001).
The Connecticut Appellate Court has ruled that a parent does not have standing to make claims against a court appointed attorney who represented his or her minor children during divorce proceedings. The court found that "General Statutes § 46b-54 gives the court the discretion to appoint counsel to represent the child; it does not confer any authority or legal interest on a parent." (Emphasis in original.)Taff v. Bettcher, 35 Conn. App. 421, 425, 646 A.2d 875 (1994). "Our case law is also clear that a person cannot gain standing by asserting the due process rights possessed by another individual. It is axiomatic that due process rights are personal, and cannot be asserted vicariously." (Internal quotation marks omitted.) Id. Furthermore, the court noted that "[i]n child custody proceedings, parents lack the necessary professional and emotional judgment to further the best interests of their children. Neither parent could be relied on to communicate to the court the children's interests where those interests differed from his or her own. . . . A parent's judgment is or may be clouded with emotion and prejudice due to the estrangement of husband and wife." (Citation omitted; internal quotation marks omitted.) Id., 427-28. The court concluded that the parent did not have standing to bring the claim. "Counsel for the minor child made a judgment with regard to whether modification of custody and the visitation schedule was necessary and made her position known to the trial court. Certainly, counsel for the child is in a more appropriate position to exercise sound legal judgment than is the defendant." Id., 428.
In Busby v. Barbarula, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 167925 (June 29, 1999, Karazin,J.) (24 Conn.L.Rptr. 689), the minor children filed a claim for malpractice against their court appointed attorney through their next friend and father. The court found that the father did not have standing. "David Busby is not a proper `next-friend' of the minor plaintiffs, his children, for purposes of bringing this malpractice action against the defendant, their court-appointed counsel in the pending divorce action. Because David Busby's interests are adverse to those of the minor plaintiffs, he cannot be relied upon to communicate his children's interests to the court. . . . Therefore, David Busby does not have standing to bring this action, thus, the court lacks subject matter jurisdiction." Id., 691; see also Caron v. Adams, 33 Conn. App. 673, CT Page 1949 682, 638 A.2d 1073 (1994) ("The only real test for determining whether a person is a proper person to act as guardian or next friend is whether that person's interests are adverse to those of the child.").
Furthermore, in related cases, courts have found that parents do not have standing to raise a claim on behalf of a minor child represented by a court-appointed attorney unless they can demonstrate that the claim was made to prevent prejudice to their own case. For example, in Lord v.Lord, 44 Conn. App. 370, 689 A.2d 509, cert. denied, 241 Conn. 913,696 A.2d 985 (1997), cert. denied, 522 U.S. 1122, 118 5. Ct. 1065,140 L.Ed.2d 125 (1998), the defendant filed a motion to dismiss the court-appointed attorney for negligently representing the child. The court found that he had no standing to bring the claim because "[t]he defendant did not claim, nor did he demonstrate to the trial court, that his request was made to prevent prejudice to his own case." Id., 375-76; see also Strobel v. Strobel, 64 Conn. App. 614, 620, 781 A.2d 356, cert. denied, 258 Conn. 937, ___ A.2d ___ (2001) ("The defendant did not claim that her request was made to prevent prejudice to her own case. . . . The defendant, therefore, has no standing to pursue her claim that the court improperly denied her motion to disqualify her child's counsel." (Citation omitted.)); Lowe v. Lowe, 47 Conn. App. 354, 364, 704 A.2d 236
(1997) ("The plaintiff did not claim, nor did he demonstrate to the trial court, that the trial court's failure to appoint separate counsel would in any way prejudice his own case.").
For the foregoing reasons, the court believes the plaintiff lacks standing to bring a claim for malpractice against the minor child's court-appointed attorney. Therefore, the court lacks subject matter jurisdiction and the defendant's motion to dismiss is granted.
 ___________________, JTR Hale