# THADDEUS SZCZERKOWSKI *v.* LINDA KARMELOWICZ
## (AC 18801)

Lavery, C. J., and Spear and Mihalakos, Js.

Argued June 1—officially released October 17, 2000

*Irene P. Romanelli*, for the appellant (defendant).

*Karen S. Gersten*, for the appellee (plaintiff).

*Opinion*

MIHALAKOS, J. The defendant, Linda Karmelowicz, appeals from the judgment of the trial court granting motions by the plaintiff, Thaddeus Szczerkowski, to modify certain visitation and support orders thus increasing the plaintiff's visitation with the parties' two minor children and applying his child support payments during summer visitation with them to his arrearages, and denying the defendant's motions for reconsideration and for the appointment of counsel for the children. On appeal, the defendant claims that the court abused its discretion in (1) failing to find a substantial change in circumstances prior to modifying the visitation schedule, (2) making financial orders without having the parties' financial orders and financial affidavits in evidence, and after indicating that it would not make financial orders and (3) not appointing counsel for the children. We affirm in part and reverse in part the judgment of the trial court.

Prior to this court's analysis of the facts in this matter, we must consider whether we should review the appeal. The record does not contain a written memorandum of decision or a transcription of the oral decision by the court.[1] "The duty to provide this court with a record

---

[1] Practice Book 4059, now § 64-1 (a), provides in relevant part: "The court shall state its decision either orally or in writing, in all of the following: (1) in rendering judgments in trials to the court in civil and criminal matters . . . If oral, the decision shall be recorded by a court reporter and, if there is an appeal, the trial court shall create a memorandum of decision for use in the appeal by ordering a transcript of the portion of the proceedings in which it stated its oral decision. . . ."

adequate for review rests with the appellant." *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, 48 Conn. App. 605, 607, 710 A.2d 190 (1998).

"It is incumbent upon the appellant to take the necessary steps to sustain its burden of providing an adequate record for appellate review. Practice Book § 4061 [now § 60-5] . . . . It is not the function of this court to find facts. *State* v. *Reagan*, 209 Conn. 1, 8, 546 A.2d 839 (1988)." *State* v. *Rios*, 30 Conn. App. 712, 715–16, 622 A.2d 618 (1993). "Our role is . . . to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court . . . any decision made by us respecting [the defendant's claims] would be entirely speculative." (Internal quotation marks omitted.) *Chase Manhattan Bank/City Trust* v. *AECO Elevator Co.*, supra, 48 Conn. App. 608–609. We have reviewed the record in this case and conclude that it is adequate as to the visitation and financial orders issues to permit review by this court as to those issues.

The following facts and procedural history are necessary to the resolution of this appeal. The record reveals that the plaintiff and the defendant never have been married. They lived together and had two children, Eric, born on January 22, 1985, and Adam, born on February 12, 1986. On July 22, 1988, the defendant was granted sole custody of the children. A myriad of motions, primarily concerning custody and visitation, were subsequently filed by the parties in the ensuing years. The motions that form the basis of this appeal were filed on August 11 and October 27, 1997, and heard by the court on May 4, 1998. By an oral decision from the bench on May 4, 1998, the court modified the prior visitation orders and provided, inter alia, that the plaintiff's summer visitation with the children would be increased to six weeks.[2]

---

[2] This was a two week increase in the summer visitation that had been ordered on June 21, 1989.

## I

The defendant first claims that the court abused its discretion in modifying the plaintiff's visitation with the children because it failed to find that there was a substantial change in circumstances. We disagree.

At the outset, we set forth our standard of review. "The well settled standard of review in domestic relations cases is that this court will not disturb trial court orders unless the trial court has abused its legal discretion or its findings have no reasonable basis in the facts. . . . As has often been explained, the foundation for this standard is that the trial court is in a clearly advantageous position to assess the personal factors significant to a domestic relations case, such as demeanor and attitude of the parties at the hearing. . . . In determining whether there has been an abuse of discretion, the ultimate issue is whether the court could reasonably conclude as it did." (Citations omitted; internal quotation marks omitted.) *Simmons* v. *Simmons*, 244 Conn. 158, 174–75, 708 A.2d 949 (1998).

"[I]n determining [whether there has been an abuse of discretion] the unquestioned rule is that great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness." (Internal quotation marks omitted.) *Eldridge* v. *Eldridge*, 244 Conn. 523, 534, 710 A.2d 757 (1998). "[W]e do not review the evidence to determine whether a conclusion different from the one reached could have been reached." (Internal quotation marks omitted.) *Crowley* v. *Crowley*, 46 Conn. App. 87, 90–91, 699 A.2d 1029 (1997).

When a court rules on a motion to modify visitation, it is statutorily incumbent on the court that its order be guided by the best interest of the child standard, as set forth in General Statutes § 46b-56 (b).[3] *Ireland* v.

[3] General Statutes § 46b-56 (b) provides in relevant part: "In making or modifying any order with respect to custody or visitation, the court shall

*Ireland,* 246 Conn. 413, 452, 717 A.2d 676 (1998); *Kelly* v. *Kelly,* 54 Conn. App. 50, 57, 732 A.2d 808 (1999). We review that determination in light of whether the court abused its discretion. *El Idrissi* v. *El Idrissi,* 173 Conn. 295, 300–301, 377 A.2d 330 (1977); *Wilson* v. *Wilson,* 38 Conn. App. 263, 269, 661 A.2d 621 (1995).

Although the defendant claims that the court was required to find that a substantial change of circumstances existed before modifying the plaintiff's visitation, this is a misreading of our law. The defendant cites no case, and our independent research discloses none, that requires a court ruling on a motion to modify visitation to find as a threshold matter that a change of circumstances has occurred. Rather, the standard the court applies is that of the best interest of the child. See General Statutes § 46b-56 (b); *Ireland* v. *Ireland,* supra 246 Conn. 452; *Kelly* v. *Kelly,* supra, 54 Conn. App. 57. Our independent review of the record discloses that the court applied the best interest of the child standard in ruling as it did and that its decision does not constitute an abuse of discretion.

On the basis of the testimony of Kevin Connolly, a psychologist who met three times with the children as part of a court-ordered custody evaluation, the court in its oral decision from the bench found that the children had made "a simple request," which was "to spend a little bit more time with" the plaintiff. Further, the court stated that the children were "getting a little bit older; their interests may dovetail more with [the plaintiff's]," and that "because the parents are geographically distant from one another and the children need to be

---

(1) be guided by the best interests of the child, giving consideration to the wishes of the child if the child is of sufficient age and capable of forming an intelligent preference, provided in making the initial order the court may take into consideration the causes for dissolution of the marriage or legal separation if such causes are relevant in a determination of the best interests of the child . . . ."

understood to have a life, I think it's important for the court to meet their needs." Indeed, as the court succinctly stated, "[W]e're trying to respond to the articulated needs of the children to spend more time with [the plaintiff]." No other rational reading of the court's language is possible but that it was acting in the children's best interests when it modified visitation to permit the plaintiff six weeks' visitation in the summer months.

Although the defendant in her briefs disputes aspects of Connolly's testimony, claiming that he "made no independent determination as to the extent of expanded visitation and had not inquired extensively into the children's desires," it is well established that the evaluation of a witness' testimony and credibility is wholly within the province of the trier of fact. See, e.g., *State* v. *Jarzbek*, 204 Conn. 683, 706, 529 A.2d 1245 (1987), cert. denied, 484 U.S. 1061, 108 S. Ct. 1017, 98 L. Ed. 2d 982 (1988) ("[i]t is in the sole province of the trier of fact to evaluate expert testimony, to assess its credibility, and to assign it a proper weight"); *National Folding Box Co.* v. *New Haven*, 146 Conn. 578, 586, 153 A.2d 420 (1959) ("acceptance or rejection of an opinion of a qualified expert is a matter for the trier of fact unless the opinion is so unreasonable as to be unacceptable to a rational mind"). Further, the defendant's reliance on cases such as *Brubeck* v. *Burns-Brubeck*, 42 Conn. App. 583, 585, 680 A.2d 327, 328 (1996), and *Walshon* v. *Walshon*, 42 Conn. App. 651, 657, 681 A.2d 376 (1996), for the principle that a court must find a material change of circumstances is misplaced. Those decisions dealt with modification of custody, not modification of visitation, as is the case here.

"In reviewing a decision as to what is in the best interests of a child, the trial court is vested with broad discretion. We cannot interfere with the exercise of that discretion in the absence of a showing that some legal principle or right has been violated . . . ." *Person* v.

*Slocum*, 22 Conn. App. 802, 803, 576 A.2d 561 (1990). In this case, we discern no such legal principle or right of the defendant that has been violated. The court's decision was amply supported by the evidence, and we conclude that it did not abuse its discretion in modifying the plaintiff's visitation with the children.

## II

The defendant next claims that the court abused its discretion in making financial orders without having before it the parties' financial affidavits. We agree.

The court ordered that the plaintiff's $140 per week child support payment during the time of his increased visitation with the children would be credited toward his arrearage in such payments. The record, however, reveals that no financial affidavits were filed such that the court could comply with General Statutes § 46b-86, which requires that there be a finding of a substantial change in the circumstances of either party before a change in the present order for periodic support can be made. The court could not make such a finding unless it had current financial affidavits or, at the very least, testimony from one or both of the parties as to their present financial circumstances. We conclude that the court abused its discretion in making financial orders without having the parties' financial affidavits in evidence after indicating that it would not make financial orders.[4]

## III

The defendant's final claim is that the court abused its discretion in not appointing counsel for the children. We do not agree.

[4] The defendant also claims that the portion of the court order allowing child support payments to reduce the plaintiff's support arrearage is an impermissible modification of child support. Our ruling in part II of this opinion is dispositive of that claim in that the court was without the statutory authority to enter any financial orders, retroactive or present.

This issue has not been adequately briefed by the defendant; she merely makes the bald assertion that the court abused its discretion. See *Connecticut National Bank* v. *Giacomi*, 242 Conn. 17, 44–45, 699 A.2d 101 (1997). "Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) *Cummings* v. *Twin Tool Mfg. Co.*, 40 Conn. App. 36, 45, 668 A.2d 1346 (1996). We therefore decline to review this claim.

The judgment is reversed only as to the financial orders and the case is remanded for further proceedings on the plaintiff's motion to modify child support payments.

In this opinion the other judges concurred.