[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has filed a "Motion for Modification of Custody and Residence Post Judgment." In actuality he is seeking to change the parenting schedule between the parties rather than a change in custody. CT Page 12755
Case law provides that visitation or parenting access may be modified using the well established criteria of whether it is in the best interests of the child to do so. Szczerkowski v. Karmelowicz,60 Conn. App. 429, 2000. The plaintiff is opposed to the requested modifications.
The defendant argues that his proposal will cut down on the number of transitions for their minor child Brien, now 11 years of age. The plaintiff counters that the schedule has been in place for some time, that Brien is used to the schedule and that it would not be in his best interest to change it.
The marriage between the parties was dissolved in December 1994. At that time they stipulated to joint custody with primary residence with the plaintiff. They also stipulated to a detailed parenting access schedule and their stipulation was made an order of the court. Several post judgment modifications were made with regard to the parental access including in 1977, 1999 and 2000.
There was scant evidence presented to justify the plaintiffs proposed changes as being in the child's best interests. The parties presently substantially share parenting time, (although not equally) and there was no evidence to indicate the present plan is unworkable or that it is having a deleterious effect on Brien. The defendant's arguments for modifying the prior orders are not persuasive. Indeed, it would seem that continually modifying these orders could have a negative effect on the stability which both parties profess to be one of their primary motivations.
Because the Court is not satisfied that the it would be in the best interests of the minor child to modify prior visitation schedules the defendant's motion is denied.
Nor has the defendant demonstrated that the prior order requiring the yearly exchange of tax returns be eliminated. The reasons for doing so appear to be valid at the present time. The defendant's motion is denied in its entirety.
Klaczak, J.