ELLEN MCGINTY *v.* JOHN MCGINTY
(AC 19081)

Landau, Mihalakos and O'Connell, Js.

Argued January 22—officially released October 2, 2001

*Lori Welch-Rubin*, with whom, on the brief, was *Jane Grossman*, for the appellant (plaintiff).

*Alan Scott Pickel*, for the appellee (defendant).

*Opinion*

LANDAU, J. The plaintiff, Ellen McGinty, appeals from the judgment of the trial court granting the motion of the defendant, John McGinty, to modify visitation with respect to the parties' minor child. On appeal, the plaintiff claims that the court (1) committed plain error by hearing motions to modify the visitation order without the participation of counsel for the minor child and (2) abused its discretion by modifying the visitation order without finding a material change in circumstances. We affirm the judgment of the trial court.

The following facts are relevant to the disposition of this matter. The parties' marriage was dissolved by agreement on November 22, 1996. The parties, who lived a relatively short distance from each other, shared joint legal custody of their minor child. The plaintiff, however, had primary physical custody. In September, 1997, the defendant filed several postdissolution motions,[1] including a motion for appointment of counsel for the minor child, which the court granted on October 14, 1997. In May, 1998, pursuant to the dissolution agreement, the plaintiff notified the defendant of her intention to move with the child from her home in Connecticut to New Jersey. The defendant filed a motion to enjoin the plaintiff from moving with the

---

[1] The motions filed by the defendant included, inter alia, a motion for contempt, which alleged that the plaintiff was not in compliance with the court's order regarding visitation, and a motion for modification of visitation, requesting that the court increase the defendant's visitation time with the minor child.

child, which was denied on September 4, 1998. Counsel for the minor child participated in the relocation proceedings. Shortly after the court's decision, the plaintiff moved with the child to New Jersey.

On October 13 and 14, 1998, the defendant and the plaintiff, respectively, filed postjudgment motions to modify the court's visitation order. The parties' respective motions proposed, inter alia, solutions to the problems inherent in regular interstate visitation.[2] At the October 26, 1998 hearing on the respective motions, counsel for the minor child was not present in court.[3] The court noted that counsel for the child needed to be replaced immediately and advised the parties that if they could not come up with a joint nominee, the court would appoint someone. The court then asked the parties if they consented to going forward on the motions to modify visitation without counsel for the child. Both parties agreed.[4] The court subsequently concluded that the defendant's proposed visitation schedule was in the best interest of the child. Accordingly, the court granted the defendant's motion to modify visitation and denied the plaintiff's motion. This appeal followed.

---

[2] At the time that the motions were heard, the minor child had weekday overnight visitation with the defendant. In her motion, the plaintiff claimed that overnight visitation during the school week was disruptive and exhausting for the child.

[3] The attorney who represented the minor child had moved to Atlanta, Georgia.

[4] The following colloquy regarding counsel for the minor child took place:

"The Court: I think [counsel for the minor child] has to be replaced.

"[Defendant's Counsel]: I agree with that, Your Honor.

"[Plaintiff's Counsel]: I concur.

"The Court: And I think we should replace her immediately.

"[Defendant's Counsel]: Want us to see if we can agree on somebody?

"The Court: I would take a joint nominee but if you can't agree on a joint nominee, then I am going to appoint somebody . . . . Now can we proceed in the meantime without somebody on board for the [minor] at the moment?

"[Plaintiff's Counsel]: I think we can, Your Honor.

"[Defendant's Counsel]: I think we can on visitation, Your Honor."

I

The plaintiff first claims that it was plain error for the court to have gone forward on the motions to modify visitation without the participation of counsel for the minor child. We conclude that because the plaintiff does not have standing, we do not have subject matter jurisdiction over the claim.

"The issue of standing implicates the court's subject matter jurisdiction. . . . Standing focuses on the party seeking to be heard and not on the issues that party wants to have heard. . . . The question of standing does not involve an inquiry into the merits of the case. . . . It merely requires allegations of a colorable claim of injury to an interest that is arguably protected by [a] statute or common law." (Citations omitted; internal quotation marks omitted.) *Taff* v. *Bettcher*, 35 Conn. App. 421, 424–25, 646 A.2d 875 (1994).

In *Taff*, the defendant appealed from a decision of the trial court granting the plaintiff's motion to modify the pendente lite order of custody regarding the parties' minor child. Id., 422. The defendant claimed that the trial court improperly conducted a hearing on the motion to modify custody without counsel for the minor child present. Id., 423. This court concluded that where the trial court appoints counsel for a minor child pursuant to General Statutes § 46b-54,[5] no authority or legal

---

[5] General Statutes § 46b-54 provides: "(a) The court may appoint counsel for any minor child or children of either or both parties at any time after the return day of a complaint under section 46b-45, if the court deems it to be in the best interests of the child or children. The court may appoint counsel on its own motion, or at the request of either of the parties or of the legal guardian of any child or at the request of any child who is of sufficient age and capable of making an intelligent request.

"(b) Counsel for the child or children may also be appointed on the motion of the court or on the request of any person enumerated in subsection (a) of this section in any case before the court when the court finds that the custody, care, education, visitation or support of a minor child is in actual controversy, provided the court may make any order regarding a matter in controversy prior to the appointment of counsel where it finds immediate action necessary in the best interests of any child.

interest is conferred on the parents. Id., 425–26. Because the defendant was asserting a right that she did not have, we concluded that she did not have standing. Id., 426.

Here, the plaintiff is asserting that the minor child was denied his right to have counsel participate in the proceedings. Because the plaintiff is asserting a right that does not belong to her, she does not have standing to assert her claim. See id. Accordingly, we do not have subject matter jurisdiction and we dismiss this claim.[6]

## II

The plaintiff next claims that the court abused its discretion by modifying the visitation order without finding that there was a substantial change in circumstances. We disagree.

We first set forth our standard of review. "The well settled standard of review in domestic relations cases is that this court will not disturb trial court orders unless the trial court has abused its legal discretion or its findings have no reasonable basis in the facts. . . . As has often been explained, the foundation for this standard is that the trial court is in a clearly advantageous

"(c) Counsel for the child or children shall be heard on all matters pertaining to the interests of any child, including the custody, care, support, education and visitation of the child, so long as the court deems such representation to be in the best interests of the child."

[6] The plaintiff's invocation of the plain error doctrine does not get her over the hurdle of standing. See *Lowe* v. *Lowe*, 47 Conn. App. 354, 363–64, 704 A.2d 236 (1997) (appellant does not have standing to claim court committed plain error by not appointing separate counsel for eldest child).

The plaintiff also claims that the court, by its rulings on the motions to modify visitation, abused its discretion by depriving the minor child of time with the plaintiff. To the extent that the minor child does have a legal right to time with the plaintiff mother, we conclude that the right belongs to the child, not the parent. Again, the plaintiff cannot gain standing by asserting rights possessed by her child. *Taff* v. *Bettcher*, supra, 35 Conn. App. 426. Accordingly, we do not have subject matter jurisdiction over the plaintiff's claim and we dismiss it.

position to assess the personal factors significant to a domestic relations case, such as demeanor and attitude of the parties to the hearing. . . . In determining whether there has been an abuse of discretion, the ultimate issue is whether the court could reasonably conclude as it did. . . .

"[I]n determining [whether there has been an abuse of discretion] the unquestioned rule is that great weight is due to the action of the trial court and every reasonable presumption should be given in favor of its correctness. . . . [W]e do not review the evidence to determine whether a conclusion different from the one reached could have been reached. . . .

"When a court rules on a motion to modify visitation, it is statutorily incumbent on the court that its order be guided by the best interest of the child standard, as set forth in General Statutes § 46b-56 (b). *Ireland* v. *Ireland*, 246 Conn. 413, 452, 717 A.2d 676 (1998) . . . ." (Citations omitted; internal quotation marks omitted.) *Szczerkowski* v. *Karmelowicz*, 60 Conn. App. 429, 432–33, 759 A.2d 1050 (2000). It is in that light that we review whether the court abused its discretion. Id., 433.

In *Szczerkowski*, as here, the defendant claimed that the court abused its discretion by modifying a visitation order without finding that there was a substantial change in circumstances. Id., 432. We concluded that when considering motions to modify visitation, courts should apply the best interest of the child standard. Id.; see also General Statutes § 46b-56.[7] Here, on the basis

---

[7] General Statutes § 46b-56 (b) provides in relevant part: "In making or modifying any order with respect to custody or visitation, the court shall (1) be guided by the best interests of the child, giving consideration to the wishes of the child if the child is of sufficient age and capable of forming an intelligent preference, provided in making the initial order the court may take into consideration the causes for dissolution of the marriage or legal separation if such causes are relevant in a determination of the best interests of the child . . . ."

of our review of the record, we conclude that the court did apply the best interest of the child standard to its rulings on the motions to modify the visitation order and that its rulings did not constitute an abuse of discretion.

The judgment is affirmed.

In this opinion the other judges concurred.