Charles A. BRANDT, Petitioner,

v.

STIDHAM TIRE COMPANY, Liberty Mutual Insurance Company, and Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.

Charles A. BRANDT, Petitioner,

v.

STIDHAM TIRE COMPANY, Liberty Mutual Insurance Company, and Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.

Nos. 84–1411, 85–1135.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 28, 1986.

Decided March 11, 1986.

Alan M. Perlman, Silver Spring, Md., for petitioner in Nos. 84–1411 and 85–1135.

Nathaniel I. Spiller, Atty., Dept. of Labor, with whom Allen H. Feldman, Acting Associate Sol. and Carol A. deDeo, Counsel, Dept. of Labor, Washington, D.C., were on the brief, for the government in Nos. 84–1411 and 85–1135.

Susan A. Evans, for respondent Stidham Tire Co., in Nos. 84–1411 and 85–1135.

Before EDWARDS and GINSBURG, Circuit Judges, and FAIRCHILD,* Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit.

Opinion PER CURIAM.

PER CURIAM:

The decision on review concerns the compensation due to Charles A. Brandt, a pri-vately-employed District of Columbia worker who was left totally disabled by a 1973 on-the-job accident. Brandt's claim falls under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950 (1982 & Supp. I 1983) (LHWCA). That Act governs injuries to private sector District of Columbia workers occurring prior to the July 24, 1982, effective date of the District of Columbia Workers' Compensation Act, D.C.Code Ann. §§ 36–301 to –345 (1981 & Supp.1985). *See* D.C.Code Ann. §§ 36–501 to –504 (1973); *Crum v. General Adjustment Bureau,* 738 F.2d 474, 475 n. 2 (D.C.Cir.1984). In considering the petition for review, we are mindful that this circuit is not destined to continue as a prominent appellate forum in LHWCA cases.

Two of the issues Brandt raises are quickly dispatched. First, he objects to the party status accorded the Director of the Office of Workers' Compensation Programs (OWCP) before the Benefits Review Board (BRB) and this court. Our decision in *Shahady v. Atlas Tire & Marble Co.,* 673 F.2d 479 (D.C.Cir.1982), forecloses that objection. We held in *Shahady* that "the Director, OWCP shall be named as a federal party-respondent in all petitions for review brought under section 21(c) of the LHWCA, 33 U.S.C. § 921(c)." *Id.* at 485. We indicated in that decision our clear understanding that the Director may participate as an interested party before the BRB. *Id.* at 482. *Shahady* may be reexamined only by the court sitting en banc. We do not view the question of the Director's standing as an issue so compelling in this circuit as to attract the full court's consideration, particularly in light of the new District of Columbia legislation. Under the District's Workers' Compensation Act, federal agencies—the OWCP and the BRB—have no role.

Second, Brandt complains that the amount for which he settled his personal injury tort claim against a third party was deducted in full from the workers' compensation award, with no portion of the tort

* Sitting by designation pursuant to 28 U.S.C. § 294(d).

settlement held back from the deduction as recompense for his pain and suffering. We agree with the disposition of this issue made by the administrative law judge (ALJ) in his February 17, 1983, decision, which rejected Brandt's argument. Appendix (App.) at 10.

The ALJ's disposition, which the BRB did not disturb, follows the statutory instruction, 33 U.S.C. § 933(f) (1982), that compensation due from the employer be reduced by "the amount recovered against [a] third person," and is in harmony with court precedent closely in point. *See United States v. Lorenzetti*, 467 U.S. 167, 104 S.Ct. 2284, 2290–91, 81 L.Ed.2d 134 (1984) (decision under Federal Employees' Compensation Act); *Haynes v. Rederi A/S Aladdin*, 362 F.2d 345, 350 (5th Cir.1966) (decision under LHWCA). The employee, these cases indicate, may retain his tort recovery only to the extent that it exceeds his compensation award. Our conclusion as to the LHWCA is in accord with the prevailing rule under state workers' compensation statutes: An employer (or the employer's insurer) "is fully entitled to be reimbursed from third-party recoveries for pain and suffering, even when the portion of [a tort] award attributable to pain and suffering is clearly separable from the portion attributable to economic losses." *Lorenzetti*, 104 S.Ct. at 2291 (citing 2A A. Larson, The Law of Workmen's Compensation § 74.35 at 14–476 to 14–478 (1982)).

Brandt raises a third objection, one we find substantial. This objection relates to the eight year gap between the 1973 date of the accident and the 1981 date of his permanent total disability classification. For the interim years 1973–81, when it was unclear whether his total disability would endure, Brandt was classified temporarily totally disabled. The compensation rate for this classification, in line with its expected brief duration, remains constant, and there is no dispute in this court concerning the compensation paid Brandt for the 1973–81 period. Permanent total disability compensation, however, is subject to annual upward adjustment. The governing section, 33 U.S.C. § 910(f) (1982), provides:

Effective October 1 of each year, the compensation or death benefits payable for permanent total disability or death arising out of injuries sustained after October 27, 1972, shall be increased by a percentage equal to the percentage (if any) by which the applicable national weekly wage for the period beginning on such October 1, as determined under section 906(b) of this title, exceeds the applicable national average weekly wage, as so determined, for the period beginning with the preceding October 1.

Brandt maintains that, starting from the date of his permanent total disability classification, compensation should be calculated as if he had been ranked permanently disabled from the onset of his total disability. In other words, for the 1973–81 period he would be compensated at a rate equal to his 1972–73 average weekly wage. Thereafter, however, he would be compensated at a rate equal to that wage, increased by all the yearly adjustments he would have received had he been typed permanently disabled in 1973. This higher rate would then serve as the base salary for calculating subsequent annual increases.

Precisely this position was successfully urged upon the Fifth Circuit by the Department of Labor attorney representing the Director, OWCP, less than five years ago. *Holliday v. Todd Shipyards Corp.*, 654 F.2d 415, 416–17, 421–22 (5th Cir.1981). The Fifth Circuit "adopt[ed] the [D]irector's propos[al]," *id.* at 417, then proffered as "in keeping with Congressional intent and ... serv[ing] the purpose of § 910(f)," *id.* at 422; the court set out the proposal in an appendix to its opinion "prepared with the mutual cooperation of government and claimant's attorneys." *Id.* at 421–23. The ALJ in Brandt's case followed *Holliday*, App. at 10, and Brandt's employer did not challenge that ruling.

The Director then entered the case and petitioned for BRB review, specifically to contend that *Holliday* misconstrued the

law.[1] Accepting the Director's volte-face, the BRB held: "The method sanctioned in *Holliday* is an indirect means of providing [upward] adjustments during periods of temporary total disability, contrary to the express language of the statute." App. at 5. Accordingly, the BRB decreed that the salary serving as the basis for computing Brandt's post-1981 increases would be his unadjusted 1972–73 average weekly wage.[2] This judgment issued less than three years after the Director published his agreement that failure to make the type of adjustment ordered here by the ALJ and adopted in *Holliday* by the Fifth Circuit would be "both contrary to and frustrate[ ] the purpose of § 910(f)." *Holliday*, 654 F.2d at 422.

We are loath to sanction rejection of the *Holliday* position, given the manner in which the Director has sought to abandon it. The Director has yet to present his disavowal to the circuit that adopted that precedent on his counsel's urging, and has in fact directed that challenges to the application of *Holliday* be filed only outside the Fifth Circuit.[3] We are all the more reluctant to take this step, and thereby create a circuit split, when it is apparent that this circuit is about to have a diminished role as a reviewer of BRB decisions under the LHWCA. Most fundamentally, when actors in this arena have planned and presented their claims and defenses with the *Holliday* ruling and appendix as their guide,[4] we think it unfair, indeed arbitrary, to displace *Holliday* retrospectively. *See Chevron Oil Co. v. Huson*, 404 U.S. 97, 105–09, 92 S.Ct. 349, 354–56, 30 L.Ed.2d 296 (1971) (granting only prospective effect to statute of limitations holding in light of plaintiff's reliance on contrary precedent).

In sum, we accept the *Holliday* ruling as the proper reading of the statute in this circuit at least until the precedent is overruled in the Fifth Circuit, or the Director publicly announces that, prospectively, he will seek to apply his current interpretation evenhandedly to all similarly disabled claimants in all circuits. Accordingly, we reverse the BRB's decision insofar as it rejects the *Holliday* method for determining permanent total disability compensation under the LHWCA,[5] and we remand with instructions to adhere to the *Holliday* deci-

---

1. The employer and its insurer also petitioned for BRB review; they asserted in their brief to the BRB only that the ALJ "erred in finding the claimant permanently and totally disabled." Appendix (App.) at 273. The Director limited his BRB petition to the question of the rate of compensation for claimant's total disability. *Id.* at 20–21, 350–51.

2. All parties to this proceeding appeared to recognize that the eight year time lapse in Brandt's case between temporary and permanent total disability classification is atypical. In *Holliday*, the gap was less wide—"some two years and eight months." *Holliday*, 654 F.2d at 417.

3. The Director represented to the BRB that *Holliday* "is the only case that has specifically addressed this problem." App. at 355. He acknowledged that "the Director" did indeed "present[ ] to the Fifth Circuit Court" the position adopted in *Holliday*. *Id.* at 356. Nonetheless, it is official agency policy now to leave *Holliday* untouched in its own circuit. The Director's presentation to our court featured an LHWCA Circular, dated February 23, 1983, announcing that administrative law judge decisions that follow *Holliday* should *not* be appealed or referred to the National Office (Longshore Division) if "subject to the jurisdiction of the

Fifth Circuit," but if outside that Circuit, the National Office should be advised "so that a timely appeal can be noted." Brief of the Director, Office of Workers' Compensation Programs, United States Department of Labor, Attachment.

If an agency has misled a court, as the Director now appears to assert OWCP has, we think it irresponsible to confess error and seek correction in every forum save the one to which the agency tendered the allegedly incorrect interpretation.

4. We reiterate that Brandt's employer and its compensation carrier did not put the *Holliday* precedent at issue at the hearing before the ALJ or in their petition for BRB review, and that the eight years during which Brandt was totally disabled but not yet classified permanently so indicate why the Director once considered the *Holliday* rule the most sensible reading of § 910(f).

5. In view of the Director's former view that the position he now advocates runs counter to and frustrates the purpose of § 910(f), *see supra* p. 331, we think responsible decisionmaking required more than the terse statement the BRB published in this case.

sion in this case. In all other respects, we deny the petition for review.

*Affirmed in part; reversed and remanded in part.*