Arthur **WILLIAMS**, Appellant,

v.

**LUMBERMEN'S MUTUAL CASUALTY COMPANY**, Appellee.

No. 94–CV–545.

District of Columbia Court of Appeals.

Argued June 27, 1995.

Decided Aug. 31, 1995.

Patrick M. Regan, Washington, DC, for appellant.

William H. Schladt, Gaithersburg, MD, for appellee.

Before TERRY and KING, Associate Judges, and GALLAGHER, Senior Judge.

KING, Associate Judge:

This appeal arises out of a medical malpractice action brought by Arthur Williams ("Williams") against the Washington Hospital Center ("Hospital") for negligent failure to diagnose and treat an injury he sustained during his employment with Perini Corporation ("Perini"). Perini's workers' compensation carrier, Lumbermen's Mutual Casualty Company ("Lumbermen's"), intervened to assert a lien against any proceeds recovered by Williams from the Hospital. Williams seeks reversal of the trial court's grant of summary judgment for Lumbermen's, contending that Lumbermen's claim is barred both by laches [1] and on jurisdictional grounds, and that the trial court erred in ruling that Lumbermen's was entitled to reimbursement.

For the reasons set forth below, we hold that Lumbermen's is not jurisdictionally barred from bringing its claim, and that Williams cannot defeat Lumbermen's claim by labelling its settlement recovery from the Hospital as solely for non-economic damages; accordingly, we affirm the trial court's grant of Lumbermen's motion for summary judgment.

## I.

In January 1987, a piece of metal struck Williams in the eye while he was working as a cement mason at Perini. On February 2, 1987, after experiencing pain and a loss of peripheral vision in the eye, Williams was treated at the Washington Hospital Center's emergency room. Several months later, when Williams was unable to see out of the injured eye, an independent opthamologist discovered a piece of metal which had not been detected at the Hospital. The metal was surgically removed; however, Williams permanently lost peripheral vision out of that eye. Williams and his wife Gloria [2] then filed this medical malpractice action against the Hospital, alleging that the Hospital negligently failed to properly diagnose and treat his injury.

Lumbermen's, who provided workers' compensation insurance to Williams' employer, paid Williams $90,137.40 in workers' compensation benefits for lost wages and medical

---

1. Williams' contention that Lumbermen's is barred by laches from bringing this claim against him is raised for the first time in this appeal. This court will consider an issue raised for the first time on appeal only where "necessary to prevent a miscarriage of justice." *Griffith Consumer Co. v. Spinks*, 608 A.2d 1207, 1209 n. 4 (D.C.1992) (quoting *W.W. Chambers, Inc. v. Audette*, 385 A.2d 10, 15 (D.C.1978)). Williams has made no affirmative showing of prejudice to his substantial rights resulting from Lumbermen's lack of participation in the first trial and subsequent appeal; nor do we find any. *Griffith*, 608 A.2d at 1209 n. 4; *Woodard v. City Stores Co.*, 334 A.2d 189 (D.C.1975). Therefore, we do not address this contention.

2. Gloria Williams died during the course of the proceedings and is therefore not a party in this appeal.

expenses. In order to protect its interests, Lumbermen's filed a Motion to Intervene in the malpractice action asserting a lien on any proceeds recovered by Williams from the Hospital. The motion to intervene was granted by the trial court in an order of March 20, 1989, which stated:

> Lumbermen's Mutual can participate in any settlement of this action, and the adjudication of its right to recover from the proceeds of any settlement with or judgment against Washington Hospital Center can await the outcome of plaintiff's action against the Hospital Center.

Thereafter, the matter proceeded to trial, and on May 3, 1989, the jury returned a verdict in favor of the Hospital. Williams appealed, and this court reversed the judgment and remanded the case for a new trial. *See Williams v. Washington Hosp. Ctr.*, 601 A.2d 28 (D.C.1991). Lumbermen's did not participate in either the trial or the appeal.

At the pre-trial conference before the second trial in July 1992, Williams moved to amend his complaint to strike his requests for economic damages, and the trial court issued an order dismissing Williams' claims for past and future lost wages and medical expenses.[3] On October 20, 1992, before the commencement of the second trial, Williams and the Washington Hospital Center entered into a settlement agreement in which Williams, in consideration for the receipt of $200,000, released the Hospital from all claims for non-economic injuries and damages.

In December 1992, Lumbermen's filed a motion to strike the order dismissing Williams' claims for economic damages. On October 25, 1993, Lumbermen's moved for summary judgment, claiming that it was entitled to recover $90,137.40, the total amount of benefits it had paid to Williams, from the proceeds of his settlement with the Hospital. On April 15, 1994, Judge Graae granted Lumbermen's motion for summary judgment in the amount of $90,137.40. This appeal followed.

## II.

### A. The Nature of Lumbermen's Lien

■ In analyzing the claims made in their appeal, we first determine whether Lumbermen's lien against Williams is statutory or equitable. The applicable portions of the District of Columbia Workers' Compensation Act provide:

> (b) Acceptance of ... compensation [by the employee] under an award in a compensation order filed with the Mayor *shall operate as an assignment to the employer* of all rights of the person entitled to compensation to recover damages against such third person *unless such person* shall commence an action against such third person within 6 months after such award.
>
>      \*　　\*　　\*　　\*　　\*　　\*
>
> (h) Where the employer is insured and the insurance carrier has assumed the payment of the compensation, the insurance carrier shall be subrogated to all the rights of the employer under this section.

D.C.Code § 36–335(b), (h) (1993) (emphasis added). Lumbermen's contends that these two sections of the Workers' Compensation Act grant it a statutory right to seek reimbursement from Williams, arguing that as the insurance carrier for Perini, it is "subrogated to [Perini's] rights ... under D.C.Code § 36–335(h)" as an assignee of Williams' rights under § 36–335(b). However, subsection (b) specifically provides that the employee's rights are assigned to the employer only if the employee does not "commence an action against such third person within six months after such award." D.C.Code § 36–335(b). Because it is not disputed that Williams filed this action against the Hospital, the third-party tortfeasor, within six months of receiving his workers' compensation benefits, Lumbermen's lien is not statutory. Therefore, § 36–335(b) & (h) do not apply, and Lumbermen's has no statutory basis for its lien against Williams.

Nonetheless, in order to avoid double recovery by an employee, we have recognized an equitable lien in these circumstances. *See Travelers Ins. Co. v. Haden,* 418 A.2d 1078

---

3. Lumbermen's asserts in its brief that the Clerk of the Superior Court did not notify it of any proceedings in that court subsequent to the remand, including the pre-trial conference.

(D.C.1980). In *Travelers,* "on a theory of equitable lien," a workers' compensation carrier sought reimbursement from an employee of a corporation for whom, as its insurer, it had paid workers' compensation benefits. *Id.* at 1080. We recognized that "Travelers retained a right to reimbursement out of the settlement proceeds ... [and that] if the employee ultimately succeeds in recovering from the third party, [Travelers] is protected by a lien on the proceeds." *Id.* at 1082. Similarly, Williams seeks to retain money received from both Lumbermen's payment of benefits and the settlement from the Hospital, and thus, Lumbermen's is entitled to an equitable lien upon Williams' recovery. *See id.* Accordingly, for the same policy reasons underlying our imposition of an equitable lien in *Travelers,* we conclude that Lumbermen's claim amounts to an equitable lien on Williams' settlement from the Hospital.

### B. Is Lumbermen's Jurisdictionally Barred from Asserting Its Lien?

■ Williams first contends that at the time of judgment in favor of the Washington Hospital Center after the first trial, Lumbermen's "was a potentially aggrieved party under an obligation to protect it[s] own interest" by joining Williams' appeal, or by filing its own appeal, and that by failing to do either, Lumbermen's is now barred from pursuing its claim. In support of this contention, Williams relies on *Hamilton v. Needham,* 519 A.2d 172 (D.C.1986), a legal malpractice action in which the defendant-attorneys brought a third-party action against another party. *Id.* at 173. The trial court dismissed both the plaintiff's complaint and the defendants' third-party complaint. The plaintiff appealed the dismissal of the complaint; the defendant-attorneys, however, did not appeal the dismissal of the third-party complaint. *Id.* at 174. This court reversed the judgment and remanded the case to the trial court. The defendants then attempted to assert their third-party claim, but the trial court held that the defendants' failure to appeal the dismissal of that claim barred reestablishment of that claim. We affirmed, holding that the trial court's dismissal of the third-party claim was *res judicata* because the defendant-attorneys did not appeal the

trial court's order entering the dismissal. *Id.* at 176–77.

Williams maintains that "under *Hamilton,* Lumbermen's was and is banned from proceeding with its claim for reimbursement," because Lumbermen's claim was "predicated" on Williams' recovery from the Hospital, and Lumbermen's was therefore "potentially aggrieved" by the decision in favor of the Washington Hospital Center. In our view, *Hamilton* can be distinguished from the instant case because in *Hamilton* a dispositive final order had been entered against the defendant-attorneys in the form of a dismissal of their third-party claim. In contrast, no judgment or any other dispositive final order was entered for or against Lumbermen's as a result of the trial on May 3, 1989. Because of this distinction, Lumbermen's contends that it had neither the right nor the duty to appeal the trial court's entry of judgment against the employee. We need not decide whether Lumbermen's had a right to appeal the judgment against Williams, because, under the circumstances of this case, even if Lumbermen's had such a right to appeal, it does not necessarily follow that Lumbermen's was obligated to appeal the judgment against Williams in order to preserve the right to enforce its lien against some future recovery. Williams contends, however, that the holding in *Norman's on the Waterfront, Inc. v. Wheatley,* 444 F.2d 1011 (3d Cir.1971), compels a contrary conclusion. We reject that contention.

In *Norman's,* four corporations engaged in the importation and sale of liquor in the Virgin Islands intervened as defendants opposing the suit Norman's brought against the Board of Alcoholic Beverages ("Board") for declaratory and injunctive relief against the enforcement of the Virgin Islands Alcoholic Beverages Fair Trade Law. *Id.* at 1012. After the court issued a final order granting Norman's relief, the Board chose not to appeal. *Id.* The intervenors did appeal, however, and the Court of Appeals for the Third Circuit held that the intervenors had the right to appeal the District Court's order to protect whatever interests they had. *Id.* at 1014. In short, because the Board chose not to pursue an appeal which would have pro-

tected the rights of the intervenors, the latter were entitled to do so. In the instant case, however, because Williams appealed, there was no need for Lumbermen's to do so in order for Lumbermen's rights to be preserved. Thus, the holding in *Norman's* would apply only if Williams had not chosen to appeal the judgment against him at the first trial.

At the time of the judgment against Williams, Lumbermen's interest was inchoate. Its lien entitled it to seek reimbursement from any judgment or settlement in favor of Williams, but the lien entitled Lumbermen's to nothing in the event of a verdict in favor of the Hospital. An appeal by Lumbermen's at that stage of the proceedings would have amounted to a request for an advisory opinion; Lumbermen's had no right to reimbursement from the Hospital itself because it held only an equitable lien on any recovery by Williams, not a statutory right to recover from the tortfeasor. In short, at the time of the verdict in favor of the Hospital, there was no judgment or settlement in favor of Williams from which Lumbermen's could attempt to assert its claim for reimbursement.

Finally, based on the trial court order granting Lumbermen's motion to intervene, the adjudication of Lumbermen's rights was to "await the outcome of [Williams'] action against the Hospital Center." Thus, if Williams recovered nothing from the Hospital, either by permitting the trial court judgment in favor of the Hospital to stand, or by unsuccessfully appealing the judgment against him, Lumbermen's would also recover nothing. Lumbermen's lien on Williams' potential recovery from the Hospital could not be transformed from an inchoate interest to a present interest unless, and until, Williams received a judgment or settlement in his favor. Therefore, because Lumbermen's had no obligation to appeal the decision in favor of the Washington Hospital Center, it is not barred from maintaining this claim against Williams' recovery from the Hospital.

### C. Economic v. Non–Economic Damages

■ Williams also contends that Lumbermen's is not entitled to reimbursement from its settlement with the Hospital because Lumbermen's paid economic workers' compensation benefits to cover his lost wages and medical expenses, and the settlement with the Hospital was expressly for non-economic damages such as pain and suffering and mental anguish. We hold that Williams cannot avoid the equitable maxim that prohibits a injured employee from obtaining double recovery for his injuries by labelling his recovery as non-economic damages. *See Daniel v. District of Columbia Ins. Admin.*, 639 A.2d 590, 592 (D.C.1994).

We have already determined that Lumbermen's has an equitable lien against any recovery Williams receives from the Washington Hospital Center, and that the policy behind allowing such a lien, to be imposed upon the judgment or settlement of an injured employee, is to prevent a double recovery by the employee. *Travelers, supra*, 418 A.2d at 1082. Williams contends, however, that because his workers' compensation benefits from Lumbermen's were reimbursement for his economic losses, and his settlement with the Washington Hospital Center was compensation for his non-economic losses, he did not receive a double recovery, and, therefore, enforcement of Lumbermen's lien against his settlement would be "highly inequitable." We disagree.

In *Daniel, supra*, the petitioner sought to avoid having the sum she received "solely for pain and suffering," in the settlement of a civil action against the uninsured motorist who caused her injuries, deducted from her award from the Uninsured Motorist Fund, D.C.Code § 35–2114 (1993) (the "Fund").[4] The petitioner attempted to distinguish her settlement award from her Fund recovery by labelling the settlement as non-economic damages, *i.e.*, pain and suffering. In holding that the petitioner's compensation from the Fund must be reduced by the amount of her settlement award, we noted that "the parties'

---

**4.** The Fund permitted payment only for unreimbursed lost wages, medical and rehabilitative expenses, and funeral expenses; non-economic

damages, such as pain and suffering, are not recoverable. *Daniel, supra*, 639 A.2d at 592.

designation of the settlement being solely for 'pain and suffering' is of no moment." *Id.* at 592. Although in *Daniel* we were concerned with the interpretation of the terms of the statute, the implicit holding that a party cannot circumvent the principle against double recovery by labelling one award as economic and the other as non-economic controls the outcome of this case.

Similarly, in *Brandt v. Stidham Tire Co.,* 251 U.S.App.D.C. 331, 785 F.2d 329 (1986), the United States Court of Appeals for the District of Columbia, in interpreting the Longshoremen's and Harbor Workers' Compensation Act, the predecessor statute to the present D.C. Workers' Compensation Act, *see Nolting v. Nat'l Capital Group, Inc.,* 621 A.2d 1387, 1388 n. 3 (D.C.1993), held that "[a]n employer (or the employer's insurer) 'is fully entitled to be reimbursed from third-party recoveries for pain and suffering, even when the portion of [a tort] award attributable to pain and suffering is clearly separable from the portion attributable to economic losses.'" *Brandt,* 251 U.S.App.D.C. at 333, 785 F.2d at 331 (quoting *United States v. Lorenzetti,* 467 U.S. 167, 178, 104 S.Ct. 2284, 2291, 81 L.Ed.2d 134 (1984)).

Finally, in *Lorenzetti,* which involved an injured federal employee who had received medical and income benefits for lost wages under the Federal Employment Compensation Act, the Supreme Court unanimously held that the United States could obtain reimbursement for its compensation outlay from the third party recovery, even though that recovery was for pain and suffering only. *Id.* at 179, 104 S.Ct. at 2291. In so holding, the Supreme Court noted that "the prevailing rule under state workmen's compensation statutes" fully entitles an employer to reimbursement from third parties, which cannot be circumvented by labelling a portion of the award as solely for non-economic losses. *Id.* at 178, 104 S.Ct. at 2291.

Williams had a single cause of action against the Washington Hospital Center in which he could seek compensation for either or both economic and non-economic damages. By labelling his settlement with the Hospital as only including non-economic damages, Williams attempted to circumvent Lumber-

men's lien and effectuate a double recovery. For the reasons set forth above, we conclude that Williams may not do so. *See Brandt,* 251 U.S.App.D.C. at 333, 785 F.2d at 331; *Lorenzetti,* 467 U.S. at 178, 104 S.Ct. at 2291. Accordingly, we affirm the trial court's grant of summary judgment in favor of Lumbermen's.

*Affirmed.*