JACEK I. SMIGELSKI *v.* STANLEY KOSIOREK,
EXECUTOR (ESTATE OF STANISLAW
KOSIOREK), ET AL.
(AC 34250)

DiPentima, C. J., and Alvord and Pellegrino, Js.

Argued May 16—officially released October 23, 2012

*Jacek I. Smigelski*, pro se, the appellant (plaintiff).

*William J. Sweeney, Jr.*, for the appellees (defendants).

PELLEGRINO, J. The self-represented plaintiff, Jacek I. Smigelski,[1] appeals from the judgment of the trial court, *Swienton, J.*, granting the October 21, 2011 motion for summary judgment of the defendant, Stanley Kosiorek, both individually and in his capacity as executor of the estate of Stanislaw Kosiorek (estate),[2] on the plaintiff's revised complaint. On appeal, the plaintiff claims that the trial court improperly (1) granted the defendant's motion for summary judgment on the basis of res judicata, (2) granted the defendant's motion to dismiss certain counts due to the plaintiff's lack of standing and (3) denied his motion to disqualify counsel for the defendant. We affirm the judgment of the trial court.

Many of the relevant facts and the procedural history were set forth by this court in *Disciplinary Counsel* v. *Smigelski*, 124 Conn. App. 81, 4 A.3d 336 (2010), cert denied, 300 Conn. 906, 12 A.3d 1004, cert. denied, U.S. , 132 S. Ct. 101, 181 L. Ed. 2d 28 (2011). The defendant, in both his individual and fiduciary capacities, retained the plaintiff to provide separate but related legal services. The plaintiff represented the defendant, in his fiduciary capacity, to clear title to the estate's only asset, a house at 28 Terra Road in Plainville. Id., 84. The defendant and his family discovered that, within one year of his death at age eighty-three, Stanislaw Kosiorek had married Bronislawa Kosiorek and transferred to her an undivided interest in the house. The discovery prompted the decedent's heirs to

---

[1] The plaintiff, a member of the Connecticut bar, was suspended from the practice of law at the time of oral argument. See *Disciplinary Counsel* v. *Smigelski*, 124 Conn. App. 81, 4 A.3d 336 (2010), cert denied, 300 Conn. 906, 12 A.3d 1004, cert. denied, U.S. , 132 S. Ct. 101, 181 L. Ed. 2d 28 (2011).

[2] For convenience, we refer to Stanley Kosiorek in both capacities as the defendant.

commence an action against Bronislawa Kosiorek to set aside the transfer. When efforts to settle the dispute failed, the defendant retained the plaintiff who negotiated with Bronislawa Kosiorek to quitclaim the property to the estate in return for a payment of $35,000.[3] Thereafter, the plaintiff represented the defendant in the administration of the estate, which included the sale of the house to a member of the Kosiorek family. Id., 85–86.

During the administration of the estate, the Plainville Probate Court issued two decrees that are relevant here. The first decree, issued on December 12, 2006, approved the sale of the house. The net proceeds of the sale totaled $155,300.82, which the defendant authorized to be given to the plaintiff as trustee. Id., 86. Pursuant to the plaintiff's interpretation of the terms of the fee agreement, the plaintiff paid himself $65,833.33, in addition to a retainer of $5000, for a total of $70,833.33 out of the estate funds that he was holding. Id., 86–87 and n.6. In its second decree, issued on May 21, 2007, the Probate Court ordered the plaintiff to return $54,833.33 to the estate. The Probate Court found that the plaintiff's fees were excessive and that an appropriate and reasonable fee for his services was $15,000 plus $1000 reimbursement for expert witness fees. The plaintiff refused to comply with the second decree. Id., 87–88.

This factual background spawned two separate actions that are relevant to the resolution of the plaintiff's claims on appeal. The defendant, in his fiduciary capacity, commenced and prevailed in an action against the plaintiff. See *Kosiorek,* v. *Smigelski,* 138 Conn. App. 695, 54 A.3d 564 (2012), also released today ("prior action").[4] Before the resolution of the prior action, the

---

[3] Prior to the plaintiff's involvement, Bronislawa Kosiorek demanded $45,000 to quitclaim her interest in the house to the estate.

[4] In that case, the defendant, in his fiduciary capacity, sought damages against the plaintiff on theories of, inter alia, breach of contract, breach of the implied covenant of good faith and fair dealing, breach of fiduciary duty, violation of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq., and civil conversion, General Statutes § 52-564. The plain-

plaintiff commenced this action against the defendant in his fiduciary and individual capacities. In his amended complaint, dated January 6, 2011, the plaintiff asserted against the defendant, in his individual and/or fiduciary capacities, inter alia, claims of breach of contract, breach of the implied covenant of good faith and fair dealing, and indemnification. The plaintiff also sought in two counts a declaratory judgment to set aside and to declare null and void the two decrees of the Probate Court rendered on December 12, 2006, and May 21, 2007.

The defendant filed a motion to dismiss the plaintiff's amended complaint. The court, *Young, J.*, in its memorandum of decision dated April 1, 2011, granted the defendant's motion to dismiss with respect to the plaintiff's claims seeking a declaratory judgment in counts three and four. Judge Young stated: "[The plaintiff] makes no allegation in the third or fourth count that he has any interest, legal or equitable, in the decrees of the Probate Court. . . . [The plaintiff] doesn't seek any personal remedy. Rather, he seeks the setting aside of decrees of a probate court, claiming that the conduct of [the defendant] caused damage to the heirs and the estate. . . . Because [the plaintiff] has failed to allege that he, himself, has an interest in declaratory judgment sought, he has failed to meet the requirements of Practice Book § 17-55. . . . [The plaintiff] has not claimed he has statutory authority to bring such actions, nor

tiff, in turn, brought counterclaims with respect to the fee agreement against the defendant, in his fiduciary capacity, sounding in, inter alia, breach of contract, breach of the implied covenant of good faith and fair dealing and indemnification. The court, *Swienton, J.*, directed a verdict on these counterclaims. Thereafter, a jury found in favor of the defendant, in his fiduciary capacity, awarding compensatory damages against the plaintiff in the amount of $54,833.33 and on a count of civil conversion, triple damages. Judge Swienton, in accordance with the jury verdict, awarded $226,762.20 in compensatory damages, plus attorney's fees and costs of $71,696.09 to the defendant, in his fiduciary capacity. See *Kosiorek* v. *Smigelski*, supra, 138 Conn. App. 695.

does he claim he is classically aggrieved. He has alleged no specific personal and legal interest in these decrees. Rather, he claims that the heirs and estate were damaged by the conduct of [the defendant]. Additionally, [the plaintiff] fails to allege the decree[s] of the Probate Court specially and injuriously affected him. . . . [The plaintiff] has alleged no factual basis which would provide him standing as to the causes of action contained in the third and fourth counts. These are dismissed." (Citations omitted.)

Judge Young then considered the defendant's motion to dismiss with respect to the breach of contract, breach of the implied covenant of good faith and fair dealing, and indemnification claims. The defendant argued that these claims should be barred under the doctrine of res judicata because the plaintiff had previously raised these claims in the prior action, which were decided by a motion for a directed verdict in that action. See *Kosiorek* v. *Smigelski*, supra, 138 Conn. App. 695. Judge Young denied the defendant's motion to dismiss in this respect, stating: "[R]es judicata is not included among the permissible grounds on which to base a motion to dismiss. . . . It may not be raised by a motion to dismiss. . . . Of course, there is no reason why, in an appropriate case, once the defense of res judicata has been raised, the issue may not be resolved by way of summary judgment. . . . The validity of [these counts] cannot be addressed at this time." (Citations omitted; internal quotation marks omitted.)

Thereafter, on September 19, 2011, the plaintiff filed a motion to disqualify the defendant's counsel from representing the defendant in both his individual and fiduciary capacities in the present action. On October 4, 2011, the court, *Pittman, J.*, denied the plaintiff's motion, stating: "The plaintiff has no standing to raise this issue."

On September 19, 2011, the plaintiff also filed a revised complaint that again alleged claims of breach of contract, breach of the implied covenant of good faith and fair dealing, and indemnification. The defendant filed a motion for summary judgment asserting, once again, that the plaintiff's claims were barred by the doctrine of res judicata because the plaintiff had raised these causes of action against the defendant, in his fiduciary capacity, as counterclaims in the prior action. See *Kosiorek*, v. *Smigelski*, supra, 138 Conn. App. 695. The plaintiff conceded that the doctrine of res judicata barred the claims against the defendant in his fiduciary capacity but maintained that res judicata could not bar his claims in the present matter because here the claims were also brought against the defendant, in his *individual* capacity. In granting the defendant's motion for summary judgment, Judge Swienton stated: "The claims being raised in this action are essentially the same claims that were raised and adjudicated in the prior action. Furthermore, privity exists between the parties as to the claims and issues being raised so that the doctrine of res judicata bars this action." From that judgment, the plaintiff now appeals.

I

The plaintiff's first claim on appeal is that Judge Swienton improperly granted the defendant's motion for summary judgment on the plaintiff's revised complaint on the basis of res judicata as to the breach of contract, breach of the implied covenant of good faith and fair dealing, and indemnity claims. The plaintiff claims that the court improperly applied the doctrine of res judicata to bar these claims in this action, which, unlike the prior action, are alleged against the defendant in his *individual capacity*. The plaintiff argues that because the defendant, in his individual capacity, is a separate party and not in privity with the defendant in his fiduciary capacity, the doctrine of res judicata—

which can only apply to bar same claims when the former action is between the same parties, or those in privity with them—cannot be applied in the present action to bar his claims against the defendant, in his individual capacity. We disagree

"Under the doctrine of res judicata, a final judgment, when rendered on the merits, is an absolute bar to a subsequent action, between the parties or those in privity with them, upon the same claim." *Mazziotti* v. *Allstate Ins. Co.*, 240 Conn. 799, 812, 695 A.2d 1010 (1997). In this instance, there is no dispute that the court, in the prior action, rendered a final judgment on the same claims that the plaintiff reasserts in this matter. The question, however, for our purposes, is whether there is privity between the defendant, in his fiduciary and individual capacities, such that these same claims should be barred by this court under the doctrine of res judicata.

"In determining whether privity exists, we employ an analysis that focuses on the functional relationships of the parties. Privity is not established by the mere fact that persons may be interested in the same question or in proving or disproving the same set of facts. Rather, it is, in essence, a shorthand statement for the principle that [res judicata] *should be applied only when there exists such an identification in interest of one person with another as to represent the same legal rights so as to justify preclusion.*" (Emphasis added.) Id., 814. "[T]he crowning consideration . . . [in regard to] the basic requirement of privity . . . [is] that the interest of the party to be precluded must have been sufficiently represented in the prior action so that the application of [res judicata] is not inequitable." (Internal quotation marks omitted.) Id., 818.

In granting the defendant's motion for summary judgment, Judge Swienton stated: "The claims being raised

in this action are essentially the same claims that were raised and adjudicated in the prior action. Furthermore, privity exists between the parties as to the claims and issues being raised so that the doctrine of res judicata bars this action." The court's determination that there was privity between the defendant in his fiduciary and individual capacities, sufficient to justify preclusion under the doctrine of res judicata, is a conclusion of law subject to plenary review. See *Gateway Co.* v. *DiNoia*, 232 Conn. 223, 230, 654 A.2d 342 (1995).

The court's findings and determination in granting the motion for a directed verdict in favor of the defendant in his fiduciary capacity, in the prior action, are directly applicable to the plaintiff's claims against the defendant in his individual capacity, in this action, because the claims in both matters are identical and the fee agreement to be interpreted is the same. Because judicial interpretation of the fee agreement would be the same irrespective of those who are party to it, the defendant has, in his fiduciary and individual capacities, the same legal rights under the fee agreement that are sufficient to support a finding of privity between the defendant as an individual and as a fiduciary and justify preclusion of these claims under the doctrine of res judicata. See *Mazziotti* v. *Allstate Ins. Co.*, supra, 240 Conn. 814.

Moreover, because the defendant, in his fiduciary capacity, possesses the same legal rights under the fee agreement in the fairly contested prior action, as he does in his individual capacity in this action, his legal rights were sufficiently represented in the first action, such that our application of res judicata does not yield an inequitable result in this instance. See id., 818. The claims that the plaintiff alleges in this action could only have been properly adjudicated in the prior action. This outcome is consistent with the fundamental purpose of the doctrine of res judicata, to "protect the finality

of judicial determinations, conserve the time of the court and prevent wasteful relitigation." (Internal quotation marks omitted.) *Virgo* v. *Lyons*, 209 Conn. 497, 501, 551 A.2d 1243 (1988). We therefore conclude that Judge Swienton properly granted the defendant's motion for summary judgment on the plaintiff's revised complaint.

II

The plaintiff's second claim on appeal is that Judge Young improperly granted the defendant's motion to dismiss with respect to counts three and four of his amended complaint, which sought a declaratory judgment to set aside the decrees of the Probate Court issued on December 12, 2006, and May 21, 2007. As aforementioned, the Probate Court decrees authorized the sale of the property and ordered the plaintiff to return the sum of $54,833.33 to the estate. The plaintiff claims that he was classically aggrieved by the decrees of the Probate Court and that, as a result, he has standing to bring these claims. We disagree.

"The standard of review for a court's decision on a motion to dismiss is well settled. A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [O]ur review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss [is] de novo. . . . When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Citation omitted; internal

quotation marks omitted.) *Cogswell* v. *American Transit Ins. Co.*, 282 Conn. 505, 516, 923 A.2d 638 (2007).

In granting the defendant's motion to dismiss, the court noted the following: the plaintiff made "no allegation . . . that he has any interest, legal or equitable, in the decrees of the Probate Court. . . . [He] doesn't seek any personal remedy. . . . [He] has failed to allege that he, himself, has an interest in the declaratory judgment sought . . . . [He] has not claimed . . . he is classically aggrieved. . . . He has alleged no specific personal and legal interest in these decrees. . . . [He] fails to allege the decree of the Probate Court specially and injuriously affected him. . . . [He] has alleged no factual basis which would provide him standing as to the causes of action contained in the third and fourth counts." (Citations omitted.)

Consistent with the court's analysis, the plaintiff did not plead a factual basis which provides him standing with respect to counts three and four of his amended complaint. "Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless [one] has, in an individual or representative capacity, some real interest in the cause of action . . . . Standing is established by showing that the party claiming it is authorized by statute to bring suit or is classically aggrieved. . . . The fundamental test for determining [classical] aggrievement encompasses a well-settled twofold determination: first, the party claiming aggrievement must successfully demonstrate a *specific personal and legal interest* in the subject matter of the [challenged action], as distinguished from a general interest, such as the concern of all the members of the community as a whole. Second, the party claiming aggrievement must successfully establish that the specific personal and legal interest has been *specially and injuriously affected* by the [challenged action]. . . . Aggrievement is established

if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." (Emphasis added; internal quotation marks omitted.) *Gold* v. *Rowland*, 296 Conn. 186, 207, 994 A.2d 106 (2010).

As the court correctly stated, the plaintiff did not allege a "specific personal and legal interest" in the decrees of the Probate Court dated December 12, 2006, and May 21, 2007, or that he was "specially and injuriously affected" by the decrees. Accordingly, we conclude that the court did not err by dismissing counts three and four of the plaintiff's amended complaint.

## III

The plaintiff's third claim on appeal is that Judge Pittman erred in denying his motion to disqualify the defendant's counsel. The plaintiff argues that the defendant's attorney cannot ethically represent both the defendant in his individual and fiduciary capacities on the basis that there is a conflict of interest between the defendant as a fiduciary and the defendant as an individual. The plaintiff advances the theory that the interest of the defendant, as a fiduciary to the estate, is in direct conflict with the defendant as an individual, who, to the detriment of the heirs of the estate, is bound by law to honor the fee agreement that he entered into with the plaintiff. The plaintiff argues that rule 8.3 (a) of the Rules of Professional Conduct, requires him to inform the appropriate professional authority of this conflict and affords him statutory standing to raise this claim.[5] We disagree.

The standard of review for determining whether the court properly denied a motion to disqualify counsel is

[5] Rule 8.3 (a) of the Rules of Professional Conduct provides in relevant part: "A lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer in other respects, shall inform the appropriate professional authority. . . ."

an abuse of discretion standard. "The Superior Court has inherent and statutory authority to regulate the conduct of attorneys who are officers of the court. . . . In its execution of this duty, the Superior Court has broad discretionary power to determine whether an attorney should be disqualified for an alleged breach of confidentiality or conflict of interest. . . . In determining whether the Superior Court has abused its discretion in denying a motion to disqualify, this court must accord every reasonable presumption in favor of its decision. Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Citations omitted.) *State* v. *Jones*, 180 Conn. 443, 448, 429 A.2d 936 (1980), overruled in part on other grounds by *State* v. *Powell*, 186 Conn. 547, 442 A.2d 939, cert. denied sub nom. *Moeller* v. *Connecticut*, 459 U.S. 838, 103 S. Ct. 85, 74 L. Ed. 2d 80 (1982).

In her order dated October 4, 2011, Judge Pittman dismissed the plaintiff's motion to disqualify the defendant's counsel because "[t]he plaintiff has no standing to raise this issue." "Our case law is . . . clear that a person cannot gain standing by asserting the due process rights possessed by another individual. It is axiomatic that due process rights are personal, and cannot be asserted vicariously." (Internal quotation marks omitted.) *Taff* v. *Bettcher*, 35 Conn. App. 421, 425, 646 A.2d 875 (1994). The defendant's representation by counsel is, thus, an entitlement that belongs to him and him alone—not the plaintiff. See *Strobel* v. *Strobel*, 64 Conn. App. 614, 620, 781 A.2d 356 (concluding that defendant in dissolution of marriage proceeding did not have standing to disqualify counsel of minor child), cert. denied, 258 Conn. 937, 786 A.2d 426 (2001).

"Standing is established by showing that the party claiming it is authorized by statute to bring suit or is

classically aggrieved." (Internal quotation marks omitted.) *Gold* v. *Rowland,* supra, 296 Conn. 207. The plaintiff has not alleged that he was classically aggrieved by counsel's representation of the defendant in both his individual and fiduciary capacities nor has he cited a statute which affords him standing to raise this claim. The plaintiff merely cites a rule of professional conduct, which does not apply in this context. Rule 8.3 (a) indicates, in relevant part, that "[a] lawyer who knows that another lawyer has committed a violation of the Rules of Professional conduct . . . shall inform the appropriate professional authority" which, in most instances, is our statewide grievance committee. See Rules of Professional Conduct 8.3, commentary. It therefore requires the attorneys of this state to report known misconduct of their colleagues to the appropriate professional authority; it does not afford claimants standing to report that misconduct or to assert the due process rights possessed by another individual, in Superior Court.

Accordingly, we conclude that the court did not abuse its discretion in denying the plaintiff's motion to disqualify the defendant's counsel.

The judgment is affirmed.

In this opinion the other judges concurred.

